[Civ. No. 21556.   Second Dist., Div. Two.   May 7, 1956.]

MILO BARRY, Appellant, v. WILLARD K. RODGERS et al., Defendants; SAM PORTELLI et al., Respondents.

Milo Barry, in pro. per., for Appellant.

Raymond R. Roberts for Respondents.

FOX, J.—Plaintiff appeals from a summary judgment in favor of defendants Sam Portelli and Lillian Portelli.

By his amended complaint plaintiff seeks to recover damages from Willard K. Rodgers, Sam Portelli, Lillian Portelli and others, for false arrest, false imprisonment and malicious prosecution. His asserted causes of action grow out of the fact that in December, 1953, defendant Rodgers swore to a criminal complaint charging plaintiff with perjury. Plaintiff was thereupon arrested, arraigned, and, upon a preliminary hearing, was held to answer in the superior court. The charges against him, however, were later dismissed. Plaintiff alleges that the Portellis had a part in this unhappy experience. The Portellis filed an amended answer denying plaintiff's allegations insofar as they related to them.

Thereafter the Portellis filed a notice of motion for summary judgment, supporting the same with their respective affidavits, which are identical except in one particular which will be later noted. These affidavits disclose that in 1951 Mr. and Mrs. Portelli rented a restaurant from Rocky Ybarra; that Milo Barry, plaintiff herein, prepared the lease; that in 1952 a civil action was instituted by Barry against defendant Rodgers and his wife, Rachael; that the matter before the court related to payment under a lease covering the identical restaurant premises. Mrs. Portelli's affidavit states that she was served with a subpoena requiring her to testify at the

trial of said action; that she was called as a witness and testified as to the date that she and her husband took possession of the restaurant and as to the rent they paid. It does not appear from Mr. Portelli's affidavit that he was subpoenaed as a witness or testified.

Thereafter it appears from the affidavits of both Mr. and Mrs. Portelli that they were subpoenaed by the Los Angeles Police Department as witnesses on behalf of the People in a criminal proceeding entitled *The People* v. *Milo Barry*; that at said criminal trial they each testified as to the date they took possession of the restaurant and as to the rent they paid. Each of them denied ever having accused Barry of committing perjury; each denied having had any part whatsoever in causing a criminal complaint to be filed against him, or in causing his arrest and imprisonment.

Plaintiff filed an affidavit in opposition. It only stated conclusions and generalities, however. It failed to raise an issue as to any material fact. It was on this state of the record that the court granted the motion of the Portellis for summary judgment.

■ The purpose to be served by the summary judgment procedure is to expedite litigation by avoiding needless trials. While it is not a substitute for a regular trial and does not authorize the trial of any bona fide issues of fact which the affidavits may reveal, it permits the court to pierce the allegations of the pleadings to ascertain whether a genuine cause of action in fact exists or whether the defense interposed is sham or feigned. (*Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558, 562 [277 P.2d 464]; *Kelly* v. *Liddicoat*, 35 Cal.App.2d 559, 561 [96 P.2d 186].) ■ If it appears from an examination of the affidavits that no triable issue of fact exists, and that the affidavits in support of the motion state facts which, if proved, would support a judgment in favor of the moving party, then summary judgment is proper. (*Coyne* v. *Krempels*, 36 Cal.2d 257, 261 [223 P.2d 244].) ■ It is thus apparent that the propriety of granting or denying the motion depends upon the sufficiency of the affidavits that have been filed. (*Kimber* v. *Jones*, 122 Cal.App.2d 914, 918 [265 P.2d 922]; *Low* v. *Woodward Oil Co., Ltd.*, 133 Cal.App. 2d 116, 121 [283 P.2d 720]; *McComsey* v. *Leaf*, 36 Cal.App.2d 132, 133 [97 P.2d 242].) ■ The plaintiff may not rely on the allegations of his complaint as a means of disputing the affidavits filed by the defendants. (*Cone* v. *Union Oil Co., supra*; *Maltby* v. *Shook*, 131 Cal.App.2d 349, 355 [280 P.2d 541].) Often there is no genuine issue of fact although

such an issue is raised by the formal pleadings. ■ Absent a genuine issue of fact, as disclosed by the affidavits, a party is not entitled to proceed to trial and the court, applying the law to the uncontroverted material facts, may render summary judgment. (*Murphy* v. *Kelly*, 137 Cal.App.2d 21, 23, 29 [289 P.2d 565].) The sole question then is, are the Portelli defendants entitled to a summary judgment on the basis of the undisputed material facts in the affidavits they filed in support of their motion? This question must be answered in the affirmative.

■ Since the affidavits of Mr. and Mrs. Portelli show that neither of them had anything to do with either the issuance of the criminal complaint against the plaintiff, his subsequent arrest, or later incarceration, and since plaintiff's affidavit does not controvert any of these matters, there is no issue of fact to be tried. The Portellis have made out a complete defense of nonliability. They are accordingly entitled to a summary judgment to that effect. (*Coyne* v. *Krempels, supra*; *Murphy* v. *Kelly, supra.*)

Plaintiff apparently believes that since his amended complaint alleges a cause of action against the Portellis they are not entitled to a summary judgment. This theory is erroneous. ■ In a summary judgment proceeding whether there is a triable issue of fact is determined from the affidavits. The pleadings may not be resorted to for that purpose. (*Cone* v. *Union Oil Co., supra*; *Maltby* v. *Shook, supra.*)

Plaintiff purports to appeal from an order striking the complaint. No such order was made. The purported appeal therefrom is dismissed. ■ Plaintiff attempts to appeal from the order granting the motion of the Portellis to dismiss the complaint as to them. There is no appeal from such an order. (*Bank of America* v. *Oil Well Supply Co.*, 12 Cal. App.2d 265, 271 [55 P.2d 885].) This attempted appeal is also dismissed.

The judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.