[Civ. No. 18269.   First Dist., Div. Two.   May 13, 1959.]

AGNES WUELZER, Appellant, v. CITY OF OAKLAND, Defendant; THE PACIFIC TELEPHONE AND TELE-GRAPH COMPANY (a Corporation), Respondent.

Lew M. Warden, Jr., for Appellant.

Donahue, Richards & Gallagher and Pillsbury, Madison, & Sutro for Respondent.

O'DONNELL, J. pro tem.*—This is an appeal by plaintiff from a summary judgment entered against her and in favor of respondent The Pacific Telephone and Telegraph Company pursuant to section 437c of the Code of Civil Procedure.

The action is one for damages for personal injuries. Plaintiff alleges that while walking along a cross-walk at the intersection of Elwood Street and Grand Avenue in the city of Oakland she was caused to trip and fall by reason of the defective condition of the street pavement. She charges respondent telephone company, as well as defendant city of Oakland, with negligence in the creation and maintenance of the alleged defective condition. The defective condition consisted of an area of the cross-walk in which there were holes, pits and declivities of varying sizes. The record in the case discloses that the defective pavement was in a patched area that covered a portion of a trench in which existed a telephone conduit installed by respondent in 1927, and a fire alarm electrical system installed by the city of Oakland in 1925. It further appears that the patch is anywhere from 2 to 20 years old.

After issue was joined respondent moved for a summary judgment. In support of its motion respondent submitted the affidavit of John Leslie Arps, its supervising construction foreman. In his affidavit Mr. Arps states that he is in charge of the department that maintains the complete records of respondent which relate to its conduit systems, utility cuts, installations and repair and maintenance work in the East Bay

---

*Assigned by Chairman of Judicial Council.

Metropolitan area; that such records include all such information and data relating to the area of Elwood Street and Grand Avenue; that he has worked for respondent in his present capacity since 1956; that he has examined all of said records relative to this conduit system; that these records show that respondent had done no work on the trench in question since 1927; and that to his knowledge respondent did not dig the trench which created the street defect. The records of respondent referred to were not attached to the affidavit nor in any other manner made a part thereof.

The question presented for decision on this appeal is the sufficiency of the Arps affidavit to support the summary judgment.

A motion for summary judgment is provided for by section 437c, Code of Civil Procedure. The pertinent portion of that section reads as follows: "The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff or defendant to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto." ▇ The issue to be determined by the trial court in consideration of a motion under this section is whether or not any facts are presented which give rise to a triable issue and not to pass upon or determine the issue itself, that is, the true facts in the case. (*Eagle Oil & Ref. Co.* v. *Prentice*, 19 Cal.2d 553 [122 P.2d 264].) And at page 556 of the cited case the court says: "If that were not true, controversial issues of fact would be tried upon affidavits by the court and not a jury." ▇▇ Further on the same page: "The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact." "For these reasons," the court continues, "the affidavits of the moving party . . . should be strictly construed and those of his opponent liberally construed." ▇ And, as observed in *Travelers Indemnity Co.* v. *McIntosh*, 112 Cal.App.2d 177, 182 [245 P.2d 1065], "when there is a doubt as to the propriety of the motion, courts should, without hesitancy, deny the same."

▇ We shall comment first on the averment of the affidavit referred to above which states that "to affiant's knowledge" respondent did not dig the trench that caused the street defect. It seems obvious that affiant meant only to say that, so far as

his knowledge *goes,* respondent did not dig the trench in question. Respondent does not contend otherwise; that is to say, respondent does not contend that the affiant is averring that he knows of his own knowledge that for a period of 20 years respondent did no trench work in the area in question.

The statement in the affidavit that the respondent's records show no trench work done by respondent at the intersection in question since 1927 does not constitute a denial that no such work was in fact done by respondent. Affiant does not aver that no such work could have been done without a record thereof having been made by respondent. Appellant contends that the affidavit is further defective in that the records to which it refers are not attached to, or otherwise made a part of, the affidavit, citing *Low* v. *Woodward Oil Co., Ltd.,* 133 Cal.App.2d 116 [283 P.2d 720], and *Family Service etc. Santa Barbara* v. *Ames,* 166 Cal.App.2d 344 [333 P.2d 142]. We need not pass on that contention, for even assuming that it is not necessary that the records themselves be incorporated in the affidavit, yet it is essential that the affidavit affirmatively show that the records to which it refers are competent. In *People* v. *Doble,* 203 Cal. 510, 515 [265 P. 184], it is said: "It is manifestly error to admit in evidence, under section 1855, subdivision 5, of the Code of Civil Procedure, a summary of books where the books themselves are not shown to be admissible in evidence." Section 1953f of the Code of Civil Procedure provides: "A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." The affidavit does not even attempt to show the mode of preparation of the records of respondent nor under what circumstances they are made and kept. The affidavit must, of course, fall if the foundation upon which it is based is incompetent.

The deposition of Mr. Arps was introduced into evidence at the hearing of the motion. It is unnecessary to detail the testimony contained therein. It is enough to say that it is deficient in the same respects as is his affidavit.

In view of the insufficiency of respondent's evidence to support its motion, the summary judgment must be reversed. ■ Summary judgment cannot be ordered under such cir-

cumstances even though the opposing party has presented no counteraffidavits. (*Gardenswartz* v. *Equitable Life etc. Soc.,* 23 Cal.App.2d Supp. 745 [68 P.2d 322]; *Family Service etc. Santa Barbara* v. *Ames, supra,* 166 Cal.App.2d 344.)

In view of the foregoing conclusions it is unnecessary to consider other arguments advanced by appellant for reversal of the judgment.

The judgment is reversed.

Dooling, Acting P. J., and Draper, J., concurred.