[Civ. No. 19005.   First Dist., Div. One.   Aug. 11, 1960.]

ILDA O. NINI et al., Appellants, v. ROY S. CULBERG,
Respondent.

Walter H. Medak for Appellants.

Barfield & Barfield for Respondent.

BRAY, P. J.—Plaintiffs appeal from a summary judgment in favor of defendant Roy S. Culberg, individually and doing business as Culberg & Dorn Machine Shop.*

QUESTION PRESENTED

Were there any triable issues of fact?

RECORD

Plaintiffs, the widow and two minor children of Earl Felix Nini, filed a complaint for damages for his wrongful death. The complaint alleged that deceased, employed by Pacific Intermountain Express Company,** was operating one of its trucks and trailers on which was loaded a 35,000 pound printing press; that defendant, his agents and employees, were negligent in chaining or affixing said press on said truck, causing said truck to overturn on the highway; that all activities connected with the transportation of heavy loads such as the press are ultrahazardous and inherently dangerous; that as a result of said negligence deceased was killed. Defendant answered, denying the allegations of negligence, proximate cause and damages.†

Defendant moved for summary judgment. The supporting affidavit of defendant states that defendant purchased a printing press located in St. Louis, Missouri. Desiring to have the press transported to California, defendant entered into an arrangement with P.I.E. at its Emeryville office in which the

---

*Hereinafter referred to as "defendant."

**Hereinafter referred to as "P.I.E."

†A complaint in intervention was filed by the workmen's compensation carrier for deceased's employer, the P.I.E. This appeal does not concern said complaint.

latter, for a money consideration, agreed to transport the press from St. Louis to San Francisco. Defendant then arranged with Wolfert Heavy Hauling and Erection Company that it, for a money consideration, would dismantle the press at St. Louis and there load it on a vehicle to be supplied by P.I.E.; that defendant then knew that P.I.E. for many years had been engaged in the business of transporting freight in interstate commerce and that Wolfert also for many years had been engaged in the business of dismantling and loading freight including printing presses. Defendant had no financial interest in either company nor has defendant ever been engaged in the business of freight transportation or dismantling and loading freight. Defendant did not request of P.I.E. any particular type of vehicle to be used, nor did he select the vehicle which was used. Defendant requested of Wolfert that the press, for purposes of economy, be shipped ''knocked down.'' With this exception, neither defendant nor any agent or employee of his issued any instructions or directions or exercised any supervision as to the manner in which the press was to be dismantled or loaded, or the manner or method of shipment of the press, nor was defendant present when it was dismantled and loaded. Defendant did not reserve any right to direct, instruct or control or supervise either operation nor did he supply any tools or materials used, nor pay any of the workmen. Defendant first saw the press, feeder and vehicle after the accident. The facts stated are within defendant's personal knowledge and if sworn as a witness he could competently testify thereto.

In opposition plaintiff filed the affidavit of plaintiffs' attorney, Walter H. Medak, who stated that the cause of action arose from the death of deceased when the trailer and tractor driven by him turned over near Truckee; that the press shipped on the trailer had been loaded in St. Louis ''and was shipped under instructions by defendant Culberg. During the trial, details concerning his instructions may be established which may prove that the instructions were more detailed than indicated in the defendant's Affidavit.'' Depositions developed that prior to the time the truck was turned over to deceased, damage to the trailer was reported to P.I.E., the owner, and that said damage was not repaired. Plaintiffs contend that this damage was or may have been the cause of the overturning of the trailer.

The court granted the motion for summary judgment.

*Were there triable issues of fact? No.*

Section 437c, Code of Civil Procedure, provides for the procedure followed here when it is claimed that "the action has no merit . . ." ▇ Affidavits of the moving party must be strictly construed and those of his opponent liberally construed, must be accepted as true and need not necessarily be composed wholly of strictly evidentiary facts. (*Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264].) ▇ Further, as stated in the Eagle case (pp. 555-556) : "At the outset it should be observed that there are several pertinent fundamental principles which should be observed in the application of and procedure under section 437c. The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. [Citations.] If that were not true, controversial issues of fact would be tried upon affidavits by the court and not a jury."

In considering the affidavits in the light of the above rules, it is well to have in mind plaintiffs' theories of their right to recover. ▇ Plaintiffs concede that the general rule is that the employer of an independent contractor is not liable for the latter's negligent acts or omissions. (See *Williams* v. *Fairhaven Cemetery Assn.,* 52 Cal.2d 135, 139 [338 P.2d 392] ; *McDonald* v. *Shell Oil Co.,* 44 Cal.2d 785, 791 [285 P.2d 902].) Plaintiffs base defendant's liability on one of two theories which they claim establish in law an exception to the rule that an employer of an independent contractor is not responsible for the latter's negligence. ▇ One is that where an employer of an independent contractor actively participates in the contractor's activities, he becomes liable for the latter's negligence. The other is based on the rule of hazardous activities which will be discussed in detail later.

▇ So far as the first theory is concerned, an examination of the affidavits discloses no issuable question of fact. Defendant's affidavit shows that he in no way actively participated in the activities of either contractor. Informing Wolfert that he desired the press to be "knocked down" in nowise constituted any direction as to the manner or method of loading the press on the trailer or of its transportation thereafter. Plaintiffs' counteraffidavit does not state that defendant in any manner participated in either the loading or transportation. This affidavit does not state that the affiant knows any of the facts in the case (section 437c states that the affidavit

is to be made by a person having knowledge of the facts and must show that the facts stated are within the personal knowledge of the affiant). The affidavit does not dispute or contradict the facts of nonparticipation as stated in defendant's affidavit. It merely states that during the trial it *may* be established that the instructions given by defendant *may* prove to be more detailed than as stated by defendant. If such a statement causes to arise an issuable question of fact, then there never could be a summary judgment granted, for all a defendant would have to do when confronted by a motion for summary judgment would be to state in his counteraffidavit that at the trial facts might be produced which might contradict the definite statement of facts in the moving party's affidavit.

The allegation in the complaint that ''defendant, his agents and employees were negligent in chaining or affixing said printing press on said'' truck is in nowise a refutation of the statements set forth in defendant's affidavit showing the facts of the employer-independent contractor relationship between Wolfert, P.I.E. and defendant, nor of the loading and transportation of the press.

As said in *Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558, 562 [277 P.2d 464] : ''The obvious purpose to be served by the summary judgment procedure is to expedite litigation by avoiding needless trials. While it is not a substitute for a regular trial and does not authorize the trial of any bona fide issues of fact which the affidavits may reveal, it permits the court *to pierce the allegations of the pleadings to ascertain whether a genuine cause of action in fact exists* or whether the defense interposed is sham or feigned.'' (Emphasis added.)

This brings us, then, to the question of whether on the theory of hazardous activity any issuable question of fact has been raised. The rule attempted to be applied here is set forth in *Courtell* v. *McEachen* (1959), 51 Cal.2d 448, 457 [334 P.2d 870], and is to the effect that one who employs an independent contractor to do work which the employer should recognize as necessarily creating a condition involving an unreasonable risk of bodily harm to others unless special precautions are taken, is liable for an injury caused by the absence of such precautions if he has failed to take steps to assure observation of the precautions, either by a provision in the contract or in some other reasonable manner. After quoting, to the above effect, sections 413 and 416, Restatement of Torts, the court said: ''It is to be noted that the sections require

knowledge of the employer himself concerning the existence of a risk to others, so that a showing of such knowledge must be made regardless of what the independent contractor may have known.''

■ In the light of this rule there appears from the complaint and the affidavit to be no issuable question of fact. The complaint merely alleges that ''all activities connected with the transportation of heavy loads such as described herein are ultrahazardous and inherently dangerous . . .'' Defendant's answer denies this allegation. Nowhere is it alleged in the complaint nor in defendant's affidavit that defendant knew or should have known of any hazard in the loading or transportation of the press. The allegation of hazard in the complaint cannot be considered on the motion for summary judgment. ■ The motion must be determined on facts set forth in the affidavits, and not on allegations of the complaint. Applicable here is the language in *Cone* v. *Union Oil Co., supra,* 129 Cal.App.2d at pages 562-563: ''Plaintiff urges, however, that the pleadings herein raise particular issues of fact which preclude the granting of a motion for summary judgment. Plaintiff has fallen into the error of relying on her complaint as a means of disputing the affidavit filed on behalf of defendant. . . . As pointed out in the careful analysis of this question in the Coyne case [*Coyne* v. *Krempels,* 36 Cal.2d 257 [223 P.2d 244]], the sufficiency of the allegations of a complaint do not determine the motion for a summary judgment. Rather, it must be determined from the affidavits whether there exists a genuine issue as to any material fact. *Often there is no genuine issue of fact, although such an issue is raised by the formal pleadings. Absent a genuine issue of fact as disclosed by the affidavits,* a party is not entitled to proceed to trial and the court, applying the law to the uncontroverted material facts, may render a summary judgment.'' (Emphasis added.)

■ Plaintiffs contend that the statement in defendant's affidavit that he requested that the press be forwarded ''knocked down,'' which they state means not crated, is evidence that its transportation was ultrahazardous and inherently dangerous. Such is not the case. Uncrated machinery and materials are hauled every day. Plaintiffs would have to show (and they have not done so) that there was something about the knocked down condition of this press that made it hazardous. This they have failed to do. In *O'Neil* v. *American Radiator Co.* (D.C. N.Y.), 43 F.Supp 543, 545, it was held that an improperly crated heater was not inherently dangerous.

Moreover, it appears from defendant's affidavit, and undenied by plaintiffs, that defendant had never engaged in the business of loading or transporting freight, that he left the entire matter to two firms which for years had been engaged in their respective businesses.

Section 437c provides: "The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff or defendant to a judgment in the action . . . and shall be set forth with particularity . . ." Defendant's affidavit did this and unless controverted by plaintiffs' affidavit was sufficient to entitle defendant to a judgment. (See *Cone* v. *Union Oil Co., supra,* 129 Cal.App.2d 558, 562.) The section further states: "The affidavit or affidavits in opposition to said motion shall be made by the plaintiff or defendant, or by any other person having knowledge of the facts, and together shall set forth facts showing that the party has a good and substantial defense to the plaintiff's action (or to a portion thereof) or that a good cause of action exists upon the merits. The facts shall be within the personal knowledge of the affiant, shall be set forth with particularity and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto." Plaintiffs' affidavit fails to comply with the section, in that it was not made by a person having personal knowledge of the facts, nor even claiming to have such knowledge; no facts were shown with particularity or otherwise showing that plaintiffs have a good cause of action on the merits nor that the affiant if sworn as a witness could testify competently to any fact. ". . . the propriety of granting or denying the motion depends upon the sufficiency of the affidavits that have been filed." (*Cone* v. *Union Oil Co., supra,* 129 Cal.App.2d at p. 562.) The trial court correctly applied the law to the uncontroverted facts before it, and properly granted defendant's motion for summary judgment.

The judgment is affirmed.

Tobriner, J., and Duniway, J., concurred.