[Civ. No. 6529. Fourth Dist. Jan. 24, 1962.]

ADOLPH FEIERBACH, Plaintiff and Respondent, v. HUGH V. WYNN, Defendant and Appellant.

Hugh V. Wynn, in pro. per., for Defendant and Appellant.

Adolph Feierbach, in pro. per., for Plaintiff and Respondent.

COUGHLIN, J.—The issue on this appeal concerns the sufficiency of an affidavit to support an order striking a counterclaim and granting a motion for a summary judgment in favor of the plaintiff.

The plaintiff, who is the respondent herein, is an attorney; brought an action against the defendant, the appellant herein, who is his client, for services rendered; moved the trial court to strike an answer and counterclaim filed by the defendant; and also moved the court to enter a summary judgment in his, the plaintiff's, favor. The motion was granted. Judgment was entered thereon. The defendant moved that the judgment be set aside. This motion was denied. Thereupon the defendant appealed from the judgment entered and from the order refusing to vacate the same.

On appeal the defendant limits his ground for reversal to an alleged error by the trial court in granting the plaintiff's motion as it applied to his counterclaim, contending that the affidavit in support thereof was insufficient to justify the order made. By the counterclaim in question the defendant alleged that the services rendered by the plaintiff, for which the latter brought this action, were "performed . . . in such a careless, negligent and incompetent manner as to render the same not only valueless to this defendant, but to also bring about a disastrous result which has already cost this defendant a considerable sum of money and property," and that, although he did not know the extent of his damages, when the same was ascertained he would set forth the full nature and extent thereof in an amended pleading.

The plaintiff's complaint set forth two causes of action; one on an open book account for services rendered and the other upon an account stated. The defendant's answer denied the allegations in this complaint.

In support of his motion to strike the defendant's answer and counterclaim, and for a summary judgment, the plaintiff filed an affidavit containing allegations establishing both causes of action set forth in his complaint; referring to letters between the parties with respect to the transaction in question, copies of which were attached; and stating his conclusions with respect to the effect of these letters. The defendant did not file any affidavit in reply. The sole issue for consideration, therefore, is whether the plaintiff's affidavit is sufficient to justify the action of the court in striking the defendant's counterclaim. (*Wuelzer* v. *City of Oakland*, 170 Cal.App.2d 337, 340-341 [338 P.2d 912]; *Kelliher* v. *Kelliher*, 101 Cal. App.2d 226, 231-232 [225 P.2d 554].)

Upon application of a plaintiff in an action wherein the defendant has filed an answer and counterclaim, an order granting a motion for summary judgment is proper if the affi-

davit in support thereof states facts which, if proved, would be sufficient to sustain a judgment in favor of the plaintiff, and the defendant does not "by affidavit or affidavits . . . show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact." (Code Civ. Proc., § 437c; *Coyne* v. *Kremples*, 36 Cal.2d 257, 261 [223 P.2d 244].) ▆▆▆ In the instant case the affidavit presented by the plaintiff, insofar as it is directed to the issues in the counterclaim, shows that the plaintiff and the defendant corresponded over a period of 18 months concerning payment of the plaintiff's fee; that at no time did the defendant claim or indicate that the services rendered were negligently performed or resulted in any damage to him; but, to the contrary, in one of his letters to the defendant stated:

"I have no quarel with you as to the effect of your efforts; no doubt you did your very best and just what you thought was the right thing to do. Please believe me I do intend to pay you; but under the circumstances it does seem that the bill is a little steep."

Thus, although complaining of the amount charged him, the defendant declared his intention to pay for the services rendered which, together with the other statements made concerning the quality thereof, was contradictory of any claim that they were negligently performed. ▆▆▆ The admission of a fact by a party, of itself, is sufficient to prove the truth thereof. (*Bonebrake* v. *McCormick*, 35 Cal.2d 16, 18-19 [215 P.2d 728].) ▆▆▆ The facts presented in support of the plaintiff's motion "would be sufficient to sustain judgment in his favor" (*Coyne* v. *Kremples, supra,* 36 Cal.2d 257, 261); being undenied, no triable issue exists; and the conclusion of the trial court in the premises was correct.

The defendant's motion to set aside the judgment purportedly was made under the provisions of sections 473 and 663 of the Code of Civil Procedure. Although appealing from the order denying this motion, the defendant urges no error in the making thereof; states that it is not an appealable order; and, obviously, has abandoned any contention that it should be reversed.

The judgment and order appealed from are affirmed.

Griffin, P. J., and Shepard, J., concurred

A petition for a rehearing was denied February 20, 1962, and appellant's petition for a hearing by the Supreme Court was denied March 21, 1962.