[Civ. No. 26957.   Second Dist., Div. Two.   May 9, 1963.]

ROSAMOND B. HALDANE, Plaintiff and Respondent, v. ELDON O. HALDANE, Defendant and Appellant.

Eldon O. Haldane, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent, or for Respondent Attorneys.

ASHBURN, J.—Defendant Eldon O. Haldane appeals in propria persona from an order of July 19, 1962, denying his motion for summary judgment of restitution against attorneys Leonard S. Sands and Colton, Thompson and Thompson, who represent respondent wife; also "from interim adverse orders of July 5, 1962 denying his motion to disqualify and discipline the said attorneys on stated grounds."

The motion itself is phrased as follows: "(1) To disqualify and discharge Attorneys Leonard S. Sands and Colton, Thompson and Thompson, which motion will be made on the grounds that the said attorneys are appearing corruptly or wilfully in violation of section 6104, Business and Professions Code; (2) To discipline the said attorneys for serious professional misconduct about June 1962 in a proceeding before this Court, which motion will be based on the grounds that the attorneys deliberately and maliciously destroyed defendant's livelihood by incessant notices of garnishment served on his employer (based on a void judgment) followed by letters and telephoned threats to the employer of a purported libel action, amounting to duress of person; (3) For judgment of summary restitution against the said attorneys for the irreparable loss, which motion will be based on the grounds that the said attorneys interfered with the orderly and due administration of the law in Case No. NWD 724, Los Angeles Superior Court, tending to bring the Superior Court into disrepute and expose the court to public disfavor, distrust and suspicion." Respondents have made no appearance in this court but the clerk has a communication from them that indicates this may be due to a misunderstanding on their part.

The appeal must be dismissed for want of jurisdiction for none of the orders mentioned in the notice of appeal is an appealable order. As to an order denying a motion for summary judgment, see *Nevada Constructors, Inc.* v. *Mariposa etc. Dist.*, 114 Cal.App.2d 816, 817 [251 P.2d 53]. Appellant himself characterizes the other orders (or parts of an order of July 5, 1962) as "interim adverse orders" and such they are. Neither of them is mentioned in section 963, Code of Civil Procedure, as appealable nor does either one possess the characteristic of finality which would classify it as a final

judgment.[1] Being intermediate and nonappealable such orders are reviewable upon appeal from the final judgment in the action; whether one has been entered the present record does not disclose.

Appeal dismissed.

Fox, P. J., and Herndon, J., concurred.

---

[1]Only the attorney complained against has a right of review of a disciplinary proceeding conducted in a court under Business and Professions Code section 6107 et seq. See section 6082, Business and Professions Code.