[Civ. No. 8160.   Fourth Dist., Div. One.   Jan. 24, 1967.]

*GORDON L. JONES, Plaintiff and Appellant v. ROGER W. FORBURGER et al., Defendants and Respondents.

*This case was previously entitled, ''Jones v. Freeman.''

J. Kenneth Jensen for Plaintiff and Appellant.

Holt, Macomber & Rhoades, John S. Rhoades, McInnis, Focht & Fitzgerald and William T. Fitzgerald for Defendants and Respondents.

FINLEY, J. pro tem.*—This is an appeal from a summary judgment in favor of two defendants, a contractor and a sub-contractor, in a personal injury action.

Appellant, a delivery man for Quality Cleaners, brought this action against defendants Freeman, as property owners, charging them with negligence in permitting the existence of an uncovered water meter box upon their property into which the appellant, as a business invitee, stepped, fell and injured himself.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Defendants Freeman answered and cross-complained against R. W. Forburger and Sim J. Harris Company, Inc., the general contractor and subcontractor who made alterations and repairs to the Freeman residence including certain paving. Plaintiff thereupon amended his complaint to name Forburger and Harris as defendants, replacing Does One to Five. Forburger and Harris moved successfully for summary judgment on their answer to the complaint. Forburger's motion was based upon his affidavit and the deposition of Gordon L. Jones, plaintiff; the Harris motion upon the declaration of John S. Rhoades, as attorney of record for Harris and the deposition of plaintiff Jones.

The provision for summary judgment under Code of Civil Procedure, section 437c is not intended as a method for trying issues of fact. The purpose is to determine whether any issues of fact exist. (*Coyne* v. *Krempels,* 36 Cal.2d 257 [223 P.2d 244].) A summary judgment is improperly granted where any triable issue of fact is presented. (*Simmons* v. *Civil Service Emp. Ins. Co.,* 57 Cal.2d 381 [19 Cal.Rptr. 662, 369 P.2d 262].) The moving party must support a motion for summary judgment by proper declarations covering every element necessary to sustain a judgment in his favor even in the absence of counteraffidavits or statements. (*Family Service Agency of Santa Barbara* v. *Ames,* 166 Cal.App.2d 344 [333 P.2d 142] ; *Taliaferro* v. *Taliaferro,* 179 Cal.App.2d 787 [4 Cal.Rptr. 689].)

Here adequacy of the material offered in support of the motions is challenged. Appellant filed no counteraffidavits of denial so the court was entitled to accept as true the facts set forth in the supporting affidavits which were within the personal knowledge of affiant and to which he could competently testify. (*Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562 [277 P.2d 464].) Facts set forth in such affidavits are not put in issue by allegations in the opposite party's pleadings (*Coyne* v. *Krempels, supra,* 36 Cal.2d 257 ; *Hardware Mut. etc. Ins. Co.* v. *Valentine,* 119 Cal.App.2d 125, 129 [259 P.2d 70]).

The sole question here is : were respondents entitled to summary judgment on the basis of the undisputed statements of fact which appear in their affidavits, assisted by testimony in appellant's deposition ? Respondents' affidavits could be more complete in their coverage ; but we have been cited no reason why admissions against interest appearing in appellant's deposition, which is referred to in the notice of motion, cannot be considered in arriving at a determination. Appel-

lant has offered no objection other than to denominate statements therein hearsay as to respondents. His attorney used testimony in the deposition as a basis for the only counteraffidavit, which is not one of denial, filed in opposition to the motion. This affidavit did not controvert any of the facts set forth in respondents' affidavits. It referred merely to appellant's observation of the meter box hole. If procedures such as summary judgment are to be of highest value for the intended purposes there is every reason to avoid technical restraints so far as legally and reasonably possible.

Appellant admitted in his deposition that he knew of the open meter box hole prior to any work having been done by respondents. Upon no occasion did he see the hole covered nor did he ever see a cover for it. By his admission if the hole did constitute a danger it was open and obvious.

██ Respondents' work according to their affidavits had been completed and accepted by the owners of the property in the neighborhood of 20 days prior to appellant's injury. If they had control over the covering or uncovering of the meter box while they were doing work in performance of their contracts this control was relinquished when their work was completed and accepted by the owner. After that they would have been trespassers in trying to exercise any dominion over such a hole which, as a matter of common knowledge, has a removable cover.

The cases of *Stewart* v. *Cox*, 55 Cal.2d 857 [13 Cal.Rptr. 521, 362 P.2d 345] and *Hale* v. *Depaoli*, 33 Cal.2d 228 [201 P.2d 1, 13 A.L.R.2d 183], cited by appellant, outline a relaxation of the rule of nonliability on the part of a contractor after completion of his contract and the acceptance of his work by the owner. But these cases differ, in essentials, from the instant case for in each of them the contractor created the condition causing the injury. Appellant has cited no authority for the proposition that when a contractor enters upon property for purposes of doing his job he thereupon becomes responsible then and later for a hazard that he played no part in creating and so far as the record shows had no duty to, and indeed could not, permanently remedy.

There appears from the record to be no triable issue of fact as to respondents. The motion for summary judgment was properly granted.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.