[Civ. No. 26985. First Dist., Div. One. Jan. 6, 1970.]

WHITNEY'S AT THE BEACH, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent;
ROBERT HOVIS, Real Party in Interest.

**COUNSEL**

George N. Sheild, Ronald E. Hothem and George Applegate for Petitioner.

No appearance for Respondent.

Henry Jacobsen, Jr., for Real Party in Interest.

**OPINION**

**SIMS, J.**—Petitioner, following the denial of its motion for summary judgment in an action pending in respondent court, seeks a peremptory writ of mandate ordering that court to dismiss the complaint and to enter summary judgment for petitioner. It is concluded that petitioner is entitled to seek review of the trial court's denial in proceedings of this nature, and that on the merits it is entitled to the peremptory writ which it seeks.

*Propriety of the Writ of Mandamus*

■ An order denying a motion for summary judgment is not appealable. "A judgment entered when a motion to strike the answer or dismiss the complaint is granted has all the qualities of a final judgment for thereby the proceeding is brought to an end; and except as it may be affected by appellate review the case is concluded and no further proceedings may be had. But if a motion to strike the answer or dismiss the complaint be denied, then the case goes forward to trial and ultimate judgment on the merits; such an order of denial possesses none of the attributes of a final judgment, nor is it one of the orders expressly made appealable by Code of Civil Procedure, section 963." (*Nevada Constructors, Inc.* v. *Mariposa etc. Dist.* (1952) 114 Cal.App.2d 816, 817 [251 P.2d 53]. Accord: *State of California* v. *Superior Court* (1968) 263 Cal.App.2d 396, 398 [69 Cal.Rptr. 683]; *Kaiser Foundation Hospitals* v. *Superior Court* (1967) 254 Cal.App.2d 327, 330 [62 Cal. Rptr. 330]; *Bricklayers & Masons Union No. 1* v. *Superior Court* (1963) 216 Cal.App.2d 578, 582 [31 Cal.Rptr. 115]; *Haldane* v. *Haldane* (1963) 216 Cal.App.2d 12, 13 [30 Cal.Rptr. 793]; *Stanton* v. *Andrews* (1959) 170 Cal.App.2d 269, 270 [338 P.2d 529]; *Schulze* v. *Schulze* (1953) 121 Cal. App.2d 75, 83 [262 P.2d 646].)

The statute (Code Civ. Proc., former § 963, subd. 1; cf. § 904, as added by Stats. 1968, ch. 385, § 2, p. 812) "states the *final judgment rule,* or rule of *one final judgment,* a fundamental principle of appellate practice in the United States. The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case. (See *Bank of America* v. *Superior Court* (1942) 20 Cal.2d 697, 701 . . .)" (3 Witkin, Cal. Procedure (1954) Appeal, § 10, p. 2151. See also *People ex rel. Dept. Public Works* v. *Rodoni* (1966) 243 Cal.App.2d 771, 774 [52 Cal.Rptr. 857]; and *Efron* v. *Kalmanovitz* (1960) 185 Cal.App.2d 149, 154 [8 Cal.Rptr. 107].). ■ If the policy against piecemeal disposition and multiple appeals in a single action is to be promoted, the use of extraordinary writs to review nonappealable orders must be closely circumscribed. In the case cited by the text writer the petitioner sought by proceedings in certiorari to annul an order of the superior court permitting the plaintiffs to amend two causes of action set forth in their complaint. As an alternative ground of decision the court stated as follows: "Even . . . had the trial court exceeded its jurisdiction in permitting the amendments to be filed, certiorari would not lie to annul its order. This is so because the order granting leave to amend, while not directly appealable, is subject to review on appeal from the final judgment. [Citation.] Certiorari will not lie if the effect of the order sought to be annulled can be reviewed and nullified on an appeal from the final judgment, even though the order itself is not appealable. [Citations.] . . .

"Petitioner argues that the rule is here inapplicable because a review and nullification of the order on appeal from the final judgment would not be a plain, speedy and adequate remedy. It is urged that unless certiorari is permitted it will allow the plaintiffs, as the unsuccessful party to the prior appeal so far as the first two counts are concerned, to return to the trial court, start in all over again, and compel petitioner, as the prevailing party as to those two counts, to submit to a trial and await the final outcome before obtaining redress for the unwarranted reopening of the litigation. If such action is here permitted, says the petitioner, every lawsuit could be perpetual. It is therefore argued that substantial justice requires that relief be afforded by certiorari.

"This argument is unsound for several reasons. . . . it would apply in some degree in every case where a trial court erroneously overruled a demurrer and compelled a defendant to proceed to trial. No one would contend that such order could be reviewed on certiorari." (*Bank of America* v. *Superior Court* (1942) 20 Cal.2d 697, at pp. 703-704 [128 P.2d 357].)

In *Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116 [199 P.2d 668], the trial court denied the defendant's petition for an order that arbitration proceed and that plaintiff's action for the balance allegedly due on the contract be-

tween the parties be stayed. The court dismissed the defendant's appeal and observed, "If appellants have a right to arbitration they may assert it on the appeal from the final judgment in the contract action. Thus no greater hardship will result than in any case where a party is forced to stand trial because of an erroneous ruling of the trial court." (33 Cal.2d at p. 119.) Similarly, in *Fischer* v. *Superior Court* (1930) 105 Cal.App. 466 [287 P. 556], the court denied a writ of prohibition following the trial court's denial of an application to stay proceedings for an accounting which had been made on the ground that the contract between the parties provided for arbitration. The court, after finding against the petitioner on the merits, added, "We believe the application for the writ of prohibition should be denied for the further reason that the respondent court has jurisdiction of the subject matter of the action and the jurisdiction to determine the question whether the issue involved in the pending suit is referable to arbitration is vested in the trial court by the provisions of sections 1283 and 1284 of the Code of Civil Procedure. The trial court has the right and power to decide this question, and if it was not satisfied that the issue was referable to so decide and to proceed thereupon to try the action. If the trial court decided erroneously it was error committed in the exercise of its jurisdiction, to be reviewed upon appeal from the judgment." (105 Cal.App. at p. 470. See also *Perego* v. *Seltzer* (1968) 260 Cal.App.2d 825, 829 [67 Cal.Rptr. 636] [dictum].)

Nevertheless, it has been suggested that when an intermediate order prevents the plaintiff from proceeding on one of several causes of action on constitutional grounds, or upholds its right to proceed in the face of an objection on such grounds, that the ruling may be tested by mandamus or prohibition, as the case may be. (*People* ex rel. *Dept. Public Works* v. *Rodoni, supra,* 243 Cal.App.2d 771, 774-775.) In several cases the propriety of an order denying a motion for a summary judgment has been reviewed in connection with a petition for relief by way of an extraordinary writ. In *State of California* v. *Superior Court, supra,* 263 Cal.App.2d 396, a peremptory writ of prohibition restraining the trial court from proceeding to trial in a personal injury action was granted because the plaintiff, in connection with the hearing on the motion for summary judgment, failed to produce any substantial evidence from which it could be inferred that the state had the actual or constructive notice required by the provisions of the Government Code as a prerequisite to the imposition of liability (263 Cal. App.2d at pp. 399-401). In *Kaiser Foundation Hospitals* v. *Superior Court, supra,* 254 Cal.App.2d 327, the court granted an alternative, but denied a peremptory, writ of mandamus to compel the trial court to enter an order granting a motion for summary judgment. It found that the defense of res judicata, upon which the petitioner relied to establish the trial court's abuse of discretion in denying the motion, was not applicable because of lack of privity of parties (254 Cal.App.2d at p. 335). In *Phillips Aviation*

*Co.* v. *Superior Court* (1966) 246 Cal.App.2d 46 [54 Cal.Rptr. 415], the court granted an alternative, but denied a peremptory writ of mandamus to require vacation of an order denying summary judgment. The reviewing court found that the trial court had properly determined that there was one or more triable issues of fact in connection with the petitioner's claim that it was the owner and entitled to the possession of a certain machine (246 Cal.App.2d at pp. 50-51). In *Bricklayers & Masons Union No. 1* v. *Superior Court, supra,* 216 Cal.App.2d 578, a peremptory writ of prohibition restraining the trial court from conducting further proceedings in a civil action was granted because the subject matter of the action was within the exclusive jurisdiction of the National Labor Relations Board (216 Cal.App.2d at pp. 582-588).

Where such relief is granted it must be predicated upon the following principles: "Where an order is not appealable, but is reviewable only upon appeal from a subsequent judgment, various factors, such as expense of proceeding with a trial and prejudice resulting from delay, may operate to make that remedy inadequate." (*Phelan* v. *Superior Court* (1950) 35 Cal.2d 363, 370 [217 P.2d 951]. See also Code Civ. Proc., §§ 1086 and 1103; *State Farm etc. Ins. Co.* v. *Superior Court* (1956) 47 Cal.2d 428, 432 [304 P.2d 13]; *Harden* v. *Superior Court* (1955) 44 Cal.2d 630, 635 [284 P.2d 9]; *Tide Water Assoc. Oil Co.* v. *Superior Court* (1955) 43 Cal. 2d 815, 820-821 [279 P.2d 35]; *Providence Baptist Church* v. *Superior Court* (1952).40 Cal.2d 55, 60 [251 P.2d 10]; *City of San Diego* v. *Superior Court* (1950) 36 Cal.2d 483, 485 [224 P.2d 685]; *Tomales Bay etc. Corp.* v. *Superior Court* (1950) 35 Cal.2d 389, 392 [217 P.2d 968]; *State of California* v. *Superior Court, supra,* 263 Cal.App.2d 396, 398; *National Union Fire Ins. Co.* v. *Superior Court* (1967) 252 Cal.App.2d 568, 573 [60 Cal.Rptr. 535]; *Bricklayers & Masons Union No. 1* v. *Superior Court, supra,* 216 Cal.App.2d 578, 582; and *Alexander* v. *Superior Court* (1959) 170 Cal.App.2d 54, 57 [338 P.2d 502]. Cf. *Field Research Corp.* v. *Superior Court* (1969) 71 Cal.2d 110, 111 [77 Cal.Rptr. 243, 453 P.2d 747].)

"A writ of prohibition may issue to prevent a lower court from acting in excess of its jurisdiction and mandamus to compel a mandatory act. [Citations.]" (*W. A. Rose Co.* v. *Municipal Court* (1959) 176 Cal.App.2d 67, 75 [1 Cal.Rptr. 49].)

In the instant case, unlike *Bricklayers & Masons Union No. 1* v. *Superior Court, supra,* the petitioner's motion for summary judgment did not question the jurisdiction of the trial court. It merely asserted that there was no basis in fact for the allegations upon which plaintiff relied to establish petitioner's

liability. The question decided, even if decided erroneously, was one within the jurisdicition of the court to decide. (See *Lincoln* v. *Superior Court* (1943) 22 Cal.2d 304, 310-314 [139 P.2d 13].) The court also had jurisdiction over the parties and the subject matter of the action so that it could try the action on the merits.

■ In mandamus proceedings it is generally recognized: "Where the facts are undisputed and the law establishes the right of a party to an order or to the relief which the court has refused, the writ will lie." (*California Pine Box & Lbr. Co.* v. *Superior Court* (1910) 13 Cal.App. 65, 70 [108 P. 882]. See also *State Farm etc. Ins. Co.* v. *Superior Court, supra,* 47 Cal.2d 428, 432; *Marr* v. *Superior Court* (1939) 30 Cal.App.2d 275, 279 [86 P.2d 141]; *Kaiser Foundation Hospitals* v. *Superior Court, supra,* 254 Cal. App.2d 327, 331; *National Union Fire Ins. Co.* v. *Superior Court, supra,* 252 Cal.App.2d 568, 574; *Pacific Indem. Co.* v. *Superior Court* (1966) 246 Cal.App.2d 63, 72 [54 Cal.Rptr. 470]; *Cook* v. *Superior Court* (1966) 240 Cal.App.2d 880, 884 [50 Cal.Rptr. 81]; *W. A. Rose Co.* v. *Municipal Court, supra,* 176 Cal.App.2d 67, 74.)

■ Conversely it is stated, "It is well settled that *mandamus* will not lie to control the discretion of a court or judicial officer or to compel its exercise in a particular manner, except in those rare instances when under the facts it can be legally exercised in but one way. [Citations.]" (*Hilmer* v. *Superior Court* (1934) 220 Cal. 71, 73 [29 P.2d 175]. See also *Lincoln* v. *Superior Court* (1943) 22 Cal.2d 304, 314 [139 P.2d 13]; *Kaiser Foundation Hospitals* v. *Superior Court, supra,* 254 Cal.App.2d 327, 330.)

A review of the foregoing cases reveals no compelling precedent indicating that this court should generally review orders denying summary judgment by use of extraordinary writs. In the *Bricklayers* case, as noted, the motion raised a question of the jurisdiction of the court to proceed, and in the most recent case (*State of California* v. *Superior Court, supra*), the question of sovereign immunity was treated as a jurisdictional question. In *Kaiser Foundation Hospitals* v. *Superior Court,* the issue was a plea in bar of the action—res judicata. Even so the court observed, "Although it now appears from an examination of the record after oral argument that the alternative writ may have been inadvertently issued, nevertheless, having issued the alternative writ *we assume for the purpose of this opinion only that mandamus is the proper remedy* and that a determination on the merits of the issues raised by the petition will expedite rather than disturb the orderly processes of justice. (*Lockheed Aircraft Corp.* v. *Superior Court,* 28 Cal.2d 481, 483-484 . . .; *Bowles* v. *Superior Court,* 44 Cal.2d 574, 582 . . .; 3 Witkin, Cal. Procedure (1954) Extraordinary Writs, § 31, pp. 2503-2504.)" (254 Cal.App.2d at p. 332, italics added.) In the fourth case noted (*Phillips Aviation Co.* v. *Superior Court, supra*) no issue was

raised as to the propriety of the proceedings in mandamus in which the petitioner was denied relief on the merits.

■ In the case of a motion for summary judgment there is, as hereinafter noted, no open area of discretion to be exercised by the trial court. If the proceedings reveal that there is a triable issue of fact the motion must be denied. If the trial court errs and grants the motion on an erroneous finding that there is no such issue, an appeal lies from the ensuing judgment. ■ If there is no such triable issue and the court errs in denying the motion, the ruling is an error in law and automatically is an abuse of discretion. Under these circumstances the more liberal use of the extraordinary writs may be proper. In the usual case of a denial the existence of a triable issue of fact will be obvious and no review will be sought. In doubtful cases, the appellate court may exercise its discretion with respect to entertaining the writ so as to avoid unnecessary proceedings. In those cases in which relief appears warranted, the merit of avoiding unnecessary trials would appear to outweigh the burden placed on the appellate court. Doubts, however, should be resolved in favor of denial of review. It may be assumed that the meritorious movant who has been denied his summary relief will ultimately prevail in the trial court without more trouble and expense than would have attended his efforts prior to the existence of the summary remedy. If, in an exceptional case, the meritorious movant does not prevail in proceedings held after erroneous denial of his motion, because of new factors which his adversary failed to properly present in the summary judgment proceedings, the interests of justice will not be thwarted but subserved.

■ With these principles in mind it is concluded that the alternative writ was properly issued in this matter. Attention is directed to the merits of the trial court's ruling.

*The Denial of the Motion for Summary Judgment*

The complaint filed in the principal action names "Sutro's Ice Rink, Whitney's Playland at the Beach, George K. Whitney, and Ten Does" as defendants. It alleges, "That at all times mentioned herein, defendants were the owners, lessees and operators in control of an ice skating rink located in San Francisco, known as and by the name of Sutro's Ice Rink." Damages are sought for injuries allegedly suffered by real party in interest on October 24, 1965. It is alleged, "That defendants, among other things, recklessly and carelessly permitted the surface of the ice maintained by them to become and remain in a rutted, pitted, rough, uneven, watered and soft and dangerous condition, with knowledge of said condition."

The petitioner, Whitney's at the Beach, a California corporation, acknowl-

edged that it was the entity named and served as "Whitney's Playland at the Beach," and it filed an answer denying each and every allegation of the complaint.

The declaration filed on behalf of petitioner's motion for summary judgment shows that the declarant was at the time of the alleged accident the president of petitioner corporation, and as such was familiar with its affairs. He states: "That said corporation was not on said date, or at any other time, the owner, lessee, or operator in control of an ice skating rink located in San Francisco known as SUTRO'S ICE RINK, the premises upon which plaintiff's accident allegedly occurred; that said corporation has never used, or maintained, or assumed any responsibility for the maintenance of said premises as a place for ice skating or otherwise."

The declaration of real party in interest, when stripped of legal conclusions, alleges in pertinent part as follows. "That *the facts set forth in said complaint* respecting . . . the negligence alleged to defendants are in each case true and correct and each fact in respect thereto has merit to invalidate the claim of defendant WHITNEY'S AT THE BEACH, a California corporation, that said defendant never used, or maintained, or assumed any responsibility for the maintenance of said premises as a place for ice skating, or otherwise; but that *the facts set forth in said complaint* will permit plaintiff to establish before the Court a case showing that said defendant corporation, Whitney's at the Beach, did in fact own and control and lease the said premises to certain persons who operated said facility thereunder, said Whitney's at the Beach being the owners of said property; . . ." (Italics added.)

Real party in interest relies upon oft-enunciated general principles governing summary judgments, which have been epitomized in *Pettis* v. *General Tel. Co.* (1967) 66 Cal.2d 503 [58 Cal.Rptr. 316, 426 P.2d 884], as follows: "The matter to be determined by the trial court on such a motion is whether facts have been presented which give rise to a triable factual issue. The court may not pass upon the issue itself. Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show facts sufficient to present a triable issue of fact. The affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of summary judgment should be resolved against granting the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts. (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 . . . and cases there cited.)" (66 Cal.2d at p. 505. See also *Slobojan* v. *Western Travelers Life Ins. Co.*

(1969) 70 Cal.2d 432, 436 [74 Cal.Rptr. 895, 450 P.2d 271]; *Joslin* v. *Marin Municipal Water Dist.* (1967) 67 Cal.2d 132, 146-147 [60 Cal. Rptr. 377, 429 P.2d 889]; *R. D. Reeder Lathing Co.* v. *Allen* (1967) 66 Cal.2d 373, 376-377 [57 Cal.Rptr. 841, 425 P.2d 785]; *Coyne* v. *Krempels* (1950) 36 Cal.2d 257, 260-261 [223 P.2d 244]; *Petersen* v. *City of Vallejo* (1968) 259 Cal.App.2d 757, 775 [66 Cal.Rptr. 776]; *Jones* v. *Forburger* (1967) 248 Cal.App.2d 64, 66 [56 Cal.Rptr. 250]; *Aguirre* v. *Southern Pac. Co.* (1965) 232 Cal.App.2d 636, 641 [43 Cal.Rptr. 73]; *Saporta* v. *Barbagelata* (1963) 220 Cal.App.2d 463, 468-469 [33 Cal.Rptr. 661]; *Snider* v. *Snider* (1962) 200 Cal.App.2d 741, 747-749 [19 Cal.Rptr. 709]; *Martens* v. *Winder* (1961) 191 Cal.App.2d 143, 149 [12 Cal.Rptr. 413]; *Spencer* v. *Hibernia Bank* (1960) 186 Cal.App.2d 702, 707 [9 Cal.Rptr. 867]; *Nini* v. *Culberg* (1960) 183 Cal.App.2d 657, 661 [7 Cal.Rptr. 146]; *Estate of Kelly* (1960) 178 Cal.App.2d 24, 28-29 [2 Cal.Rptr. 634]; *Wuelzer* v. *City of Oakland* (1959) 170 Cal.App.2d 337, 339 [338 P.2d 912]; *Barry* v. *Rodgers* (1956) 141 Cal.App.2d 340, 342 [296 P.2d 898]; and *Cone* v. *Union Oil Co.* (1954) 129 Cal.App.2d 558, 562 [277 P.2d 464].)

In *Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412 [42 Cal.Rptr. 449, 398 P.2d 785], where the court found a triable issue of fact, it stated: "Thus, the trial court was justified in granting the motion here only if the declarations filed in support of it, strictly construed, contain facts sufficient to entitle the defendants to judgment, and those of the plaintiffs, liberally construed, show that there was no issue of fact to be tried." (62 Cal.2d at p. 417. See also *Snider* v. *Snider, supra,* 200 Cal.App.2d 741, 748.)

The disclaimer by petitioner's president if established at the trial would certainly preclude any recovery by the real party in interest. A learned commentator on the decisions under section 437c of the Code of Civil Procedure has noted, "This review of the cases demonstrates that a defendant succeeded in obtaining a summary judgment in two quite distinct ways. . . . The other line of authority does not attempt to remove credibility issues but accords recognition to the defensive position of a defendant. These cases shift to the plaintiff the burden of producing evidence substantiating the cause of action and grant a summary judgment against him for his failure to do so. Such a full disclosure of evidence is not required of the plaintiff in every case, but only in those cases in which the affidavits of the defendant-movant show that the plaintiff probably will be unable to establish a cause of action at a trial. As thus interpreted, these decisions further the fundamental policy of a summary judgment procedure; that trials serving no

useful function are to be avoided." (Bauman, *California Summary Judgment* (1963) 10 U.C.L.A. L.Rev. 347, 366.)

▮ Petitioner cannot be held for the defective condition of property which it did not own, possess or control, and where there is no evidence brought forward to controvert declarations which unequivocally deny ownership, possession and control as alleged in the complaint it is proper to grant a summary judgment. (See *Petersen* v. *City of Vallejo, supra,* 259 Cal.App. 2d 757, 773-777; and *Jones* v. *Forburger, supra,* 248 Cal.App.2d 64, 66-67; but cf. *Wuelzer* v. *City of Oakland, supra,* 170 Cal.App.2d 337, 340.) Similarly, it is proper to grant a summary judgment against a plaintiff who is seeking recovery under the Federal Employer's Liability Act where the uncontroverted declarations demonstrate that the alleged injuries arose from employment which was not included within the scope of that act. (See *Aguirre* v. *Southern Pac. Co., supra,* 232 Cal.App.2d 636, 643-649.) A like result has been upheld where the plaintiff has failed to bring forth evidence under which an employer of an independent contractor could be held liable for the latter's negligence (see *Nini* v. *Culberg* (1960) 183 Cal. App.2d 657, 661-664 [7 Cal.Rptr. 146]); and where the plaintiff in a false arrest action fails to meet the defendants' averments that they had no part whatsoever in the proceedings of which plaintiff complained. (*Barry* v. *Rogers, supra,* 141 Cal.App.2d 340, 343; and see *Pettus* v. *Standard Cabinet Works* (1967) 249 Cal.App.2d 64, 68-69 [57 Cal.Rptr. 207].)

▮ Real party in interest asserts, "In the instant case, a factual issue seems to have arisen, namely, whether defendant Whitney's at the Beach, a corporation, is involved in the case. . . ." That issue was raised by the pleadings, but petitioner's motion and declaration requires real party in interest to offer some proof of that involvement.

Real party in interest complains that if a case can be disposed of on the affidavit of a corporate officer that the corporation was in no way involved, it will obviate the necessity of any trial whatsoever concerning the facts. ▮ The summary judgment procedure is designed to that end, ". . . properly invoked, the purpose of section 437c is salutary. It 'undertakes the expedition of litigation by the elimination of needless trials . . .' (*Spencer* v. *Hibernia Bank,* 186 Cal.App.2d 702, 712 . . ., appeal dismissed and certiorari denied 368 U.S. 2 . . .; see also *Coyne* v. *Krempels,* 36 Cal.2d 257 . . .) In the case last cited the court stated (on p. 262): 'The procedure for the entry of a summary judgment provides a method by which, if the pleadings are not defective, the court may determine whether the triable issues apparently raised by them are real or merely the product of adept pleading.' And that case also points out that where the moving party's affidavits set forth facts sufficient to sustain a judgment in his favor and those facts are uncontroverted by the affidavits of the opposing party, a

summary judgment is proper. (*Coyne* v. *Krempels, supra,* at p. 263.)" (*Aguirre* v. *Southern Pac. Co., supra,* 232 Cal.App.2d 636, 641. See also *Dryer* v. *Dryer* (1964) 231 Cal.App.2d 441, 449 [41 Cal.Rptr. 839]; *Martens* v. *Winder* (1961) 191 Cal.App.2d 143, 149 [12 Cal.Rptr. 413]; and *Estate of Kelly* (1960) 178 Cal.App.2d 24, 28 [2 Cal.Rptr. 634].)

If there are facts which show that the defendant corporation owned, leased, operated or otherwise controlled the skating rink where the real party in interest suffered his injuries, the claimant could defeat petitioner's motion by setting forth such facts and by showing that there is a triable issue. "The moving party cannot depend upon allegations in his own pleadings to cure deficient affidavits, nor can his adversary rely upon his own pleadings in lieu or in support of affidavits in opposition to a motion. . . ." (*Slobojan* v. *Western Travelers Life Ins. Co., supra,* 70 Cal.2d 432, 436. See also *Joslin* v. *Marin Municipal Water Dist., supra,* 67 Cal.2d 132, 147; *Coyne* v. *Krempels, supra,* 36 Cal.2d 257, 262; *Jones* v. *Forburger, supra,* 248 Cal. App.2d 64, 66; *Snider* v. *Snider, supra,* 200 Cal.App.2d 741, 755; *Barry* v. *Rodgers, supra,* 141 Cal.App.2d 340, 342; and *Cone* v. *Union Oil Co., supra,* 129 Cal.App.2d 558, 562-563.)

In *Snider* v. *Snider, supra,* this court observed, "In the summary judgment procedure, the party opposing the motion cannot rely on a verified pleading alone. [Citations.] If such party cannot do so directly, she cannot do so indirectly by merely restating the verified pleading in her counteraffidavit." (200 Cal.App.2d at p. 755, see also discussions pp. 749-755; and *Saporta* v. *Barbagelata, supra,* 220 Cal.App.2d 463, 469.)

Examination of the declaration filed in opposition to the motion indicates that it does no more than echo the allegations of the complaint. There is no reference to any deed, title, certificate, tax assessment roll, lease, or any other evidence which would tend to contradict petitioner's disclaimer. The burden is not on the defendant, who is establishing a negative, to conduct an investigation for real party in interest and determine who are the owners, lessees or operators, or other persons controlling the ice skating rink. If the case were tried, the plaintiff would have to produce some evidence upon which to predicate this defendant's liability. He suffers no prejudice by being required to produce such evidence over two and one-half years after he commenced his action.

The declaration filed in opposition to the motion additionally states: "That plaintiff has stated the facts of this case to his attorney, . . . and has been advised by his said attorney, after setting forth said facts, that he in fact has a good and meritorious case on the merits; and declarant therefore states that he as plaintiff has a good. cause of action against WHITNEY'S AT THE

BEACH, a California corporation, upon the merits." These averments are merely conclusions of law and raise no triable issue. (See *Aguirre* v. *Southern Pac. Co., supra,* 232 Cal.App.2d 636, 641.)

Real party in interest further implies "that depositions should be taken to establish the chain of responsibility, *if any,* of Whitney's at the Beach" (italics added) and that defendant is proceeding in bad faith by applying for a writ of mandate in view of having suggested such procedure at the time of the hearing on the motion. The alleged injury occurred October 25, 1965; the complaint was filed October 19, 1966; it was not served on petitioner until June 2, 1967; the petitioner's answer was filed July 6, 1967; the petitioner's notice of motion was dated May 7, 1969, was filed May 9, 1969, and it came on regularly for hearing on May 29, 1969. Real party in interest has not explained why he failed to pursue such discovery during the approximately two years in which the case was at issue; nor has he shown that he requested a continuance on the hearing on the motion in order to conduct such discovery. Moreover, he has failed to reveal any facts which would indicate that such discovery would be fruitful in the face of defendant's declaration of non-involvement.

In *Nini* v. *Culberg, supra,* the court observed, "Plaintiffs' counteraffidavit does not state that defendant in any manner participated in either the loading or transportation. This affidavit does not state the affiant knows any of the facts in the case (section 437c states that the affidavit is to be made by a person having knowledge of the facts and must show that the facts stated are within the personal knowledge of the affiant). The affidavit does not dispute or contradict the facts of nonparticipation as stated in defendant's affidavit. It merely states that during the trial it *may* be established that the instructions given by defendant *may* prove to be more detailed than as stated by defendant. If such a statement causes to arise an issuable question of fact, then there never could be a summary judgment granted, for all a defendant would have to do when confronted by a motion for summary judgment would be to state in his counteraffidavit that at the trial facts might be produced which might contradict the definite statement of facts in the moving party's affidavit." (183 Cal.App.2d 657, 661-662. See also *Spencer* v. *Hibernia Bank* (1960) 186 Cal.App.2d 702, 715-716 [9 Cal.Rptr. 867].)

On this record it became the clear legal duty of the trial court to grant the motion for summary judgment. Since under the circumstances the discretion of the court could be exercised legally in only one way it was an abuse of discretion to deny the motion and make the order which it did.

It is ordered that a peremptory writ of mandate issue commanding respondent superior court to set aside its Order Denying Motion for Summary Judgment signed May 29, 1969 and filed June 2, 1969, and to order sum-

mary judgment as provided in section 437c of the Code of Civil Procedure as prayed for in petitioner's Notice of Motion filed May 9, 1969.

Molinari, P. J., and Elkington, J., concurred.