Mac L. SHERWOOD et al., Plaintiffs,

v.

Robert B. BRADFORD, etc., et al., Defendants.

No. 65–930–PH.

United States District Court
S. D. California,
Central Division.

Oct. 5, 1965.

Jerrold A. Fadem, Los Angeles, Cal., for plaintiffs.

R. B. Pegram, Joseph A. Montoya, Anthony J. Ruffolo, Los Angeles, Cal., Robert L. Meyer and Robert W. Vidor, for defendants.

HALL, District Judge.

The plaintiffs in this case own a parcel of property which contains approximately 26.385 acres.

They sue to enjoin the defendants from prosecuting a pending action in the State courts of California condemning the entire acreage for highway purposes pursuant to a resolution of the defendant California Highway Commission authorizing such suit on July 23, 1963.

The above-mentioned resolution authorizes the acquisition of the property for freeway purposes in connection with Route 161 which, for lack of a better name, may be called the Pasadena Long Beach Freeway. The entire parcel is known as Parcel No. 9 in the condemnation suit. It appears to be undisputed that only 8.85 acres of said parcel are actually required for the construction of the freeway which will not require the remaining 17-plus acres included in said Parcel No. 9.

It is the contention of the plaintiffs that all of said parcel is not necessary for highway purposes and that the action of the defendants is in violation of Section 1 of the Fourteenth Amendment of the United States Constitution in that the excess (17) acres are not for a public use and that they are being deprived of their property without due process of law and being denied the equal protection of the laws.

The gravamen of their contention is that Section 14½ of Article I of the California Constitution restricts the distance from each side of the property actually acquired for public use in a condemnation proceeding, to a certain distance which excludes the 17-plus acres.

The plaintiffs raised the questions in an objection to the proceedings in the State court but were overruled. This interlocutory ruling of the Superior Court is not reviewable by appeal; Bank of America National Trust and Savings Ass'n v. Superior Court of Los Angeles County, 1942, 20 Cal.2d 697, 701, 128 P.2d 357; and the plaintiffs assert that the only appellate review available in the State Forum will be after the decision of the case on the merits, at which time their property will have been condemned so that they will in effect be in the position of one attempting to lock the barn door after the horse is gone.

The first question is of course one of jurisdiction. In an examination of the Complaint it appears that jurisdiction of the action is properly founded on 28 U.S.C. § 1331 in that the question arises under the Constitution of the United States.

A three-judge court is not required under the provisions of 28 U.S.C. § 2283 for the reason that the plaintiffs do not question the constitutional validity of any statute of the State.

The jurisdiction of the Court having been expressly authorized by 28 U.S.C. § 1331, the prohibitions of 28 U.S.C. § 2283 do not apply.

■ It is axiomatic that if jurisdiction appears from the complaint, the court has jurisdiction even though it may hold the plaintiff is entitled to no relief.

■■ There is a serious question in the case of abstention of the exercise of the power of this Court. This doctrine is discussed fully in the comparatively recent case of County of Allegheny v. Frank Mashuda Co., 1959, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163. Without reviewing all of the case law on the subject, it is sufficient to say that a federal court should abstain from the exercise of its jurisdiction when the parties have available to them an unexhausted remedy in the State. This is based on the prevailing doctrine that the State should be first given an opportunity to interpret its own Constitution and laws. Here the doctrine of abstention comes into play because before the federal constitutional question is reached a decision must be made as to whether or not the defendants are proceeding in violation of Article I, Section 14½ of the Constitution of the State of California.

■ And while the plaintiffs in this case may be precluded from an interlocutory appeal in the condemnation case, nevertheless they have available to them the remedies set forth in the California Code of Civil Procedure, § 1102 et seq., which will permit them, by an appropriate writ sued out of a higher court of the State, to test the validity of acts of the defendants in attempting to condemn property which concededly is not necessary for the uses and purposes of the highway sought to be condemned. That being so, this Court in recognition of the doctrine of comity and in the abstention of the exercise of its jurisdiction concludes that it is appropriate and proper to continue the temporary restraining order in force until further order of this Court in order to give the plaintiffs in this action an opportunity to proceed in the appellate courts of the State of California under the terms of the California statutes permitting extraordinary writ proceedings.