[Civ. No. 561. Fifth Dist. Aug. 1, 1966.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Appellant, v. ROY L. RODONI et al., Defendants and Respondents.

Harry S. Fenton, Holloway Jones, Jack M. Howard, William C. DeMartini and William R. Edgar for Plaintiff and Appellant.

Linneman, Burgess, Telles & Van Atta and Cyril Viadro for Defendants and Respondents.

STONE, J.—Defendants own two parcels of farm land, an upper, triangular parcel and a lower rectangular parcel, which are cater-cornered. Before the taking for highway purposes, the lower tip or southwest corner of the upper parcel touched the upper tip or northeast corner of the lower parcel. A county road along the easterly side of the lower parcel furnished access between the two parcels and to the outside. The freeway cuts off the adjoining corners, taking the tip of each parcel and, of course, the portion of the county road bordering the area taken. The tip taken from the lower parcel, designated "Parcel 7," contains .57 acres. The tip from the upper parcel contains .08 acres, and is designated "Parcel 8."

Ordinarily, taking two small corners from larger parcels would give rise to a run-of-the-mill condemnation action, but here the taking left the remainder of the upper triangular

parcel landlocked. A large irrigation canal forms the hypotenuse of the triangle, while each side borders privately-owned property, so that by taking Parcel 8 and blocking access to the county road, the remaining 54.03 acres were left hemmed in.

Under the authority of Streets and Highways Code section 104.1,[1] plaintiff sought to condemn the 54.03 acres, designated "Parcel 9," and pay defendants the value of the land, to obviate severance damages. Defendants contend that the proposed taking of Parcel 9 is not for a public use and that insofar as section 104.1 purports to authorize the taking, it is unconstitutional. This issue was tried by the court and decided against plaintiff. The order, denominated "Interlocutory Judgment," provides, in pertinent part:

"1. That said proposed taking by condemnation of that certain piece of parcel of land located in the County of Merced, State of California, and particularly described in said Complaint as Parcel 9 is not a taking for a public use, and is, therefore, unauthorized by law

"2. Further, that said Complaint be, and the same hereby is, dismissed insofar as it affects or purports to condemn the aforesaid real property described in said Complaint as Parcel 9;

"3. Further, that said action shall proceed duly to trial insofar as the same affects and seeks to condemn the parcels of land located in the County of Merced, State of California, and particularly described in said Complaint as Parcel 7 and Parcel 8, for the purpose of determining the amount of damages, including severance damages, to be recovered by said defendants by reason of the severance of said Parcel 9 from the remainder of their lands;

"4. Said defendants shall have thirty (30) days from and after the entry of this judgment in which to file an amendment to their Answer setting forth the severance damages to be sustained by reason of the severance of said Parcel 9 from said remainder."

Plaintiff has appealed from the foregoing order, which appeal defendants assert must be dismissed because

---

[1]Section 104.1 of the Streets and Highways Code reads: "Wherever a part of a parcel of land is to be taken for State highway purposes and the remainder is to be left in such shape or condition as to be of little value to its owner, or to give rise to claims or litigation concerning severance or other damage, the department may acquire the whole parcel and may sell the remainder or may exchange the same for other property needed for State highway purposes."

the order is in substance a nonappealable interlocutory judgment. We are in accord. A federal case gives support to this conclusion. In *Sherwood* v. *Bradford,* 246 F.Supp. 550, a landowner sought relief from a California superior court holding that the taking of his 17-plus acres in excess of actual highway needs was not for a public use, a taking that violated the landowner's constitutional rights, both federal and state. Although in *Sherwood* the condemnee, rather than the condemner, sought relief, the question presented is the same, namely, whether the intermediate order of the trial court as to the issue of public use is appealable. In refusing to take jurisdiction, the federal court said, at page 552: ". . . while the plaintiffs in this case may be precluded from an interlocutory appeal in the condemnation case, nevertheless they have available to them the remedies set forth in the California Code of Civil Procedure, § 1102 et seq., which will permit them, by an appropriate writ sued out of a higher court of the State, to test the validity of acts of the defendants in attempting to condemn property which concededly is not necessary for the uses and purposes of the highway sought to be condemned. That being so, this Court in recognition of the doctrine of comity and in the abstention of the exercise of its jurisdiction concludes that it is appropriate and proper to continue the temporary restraining order in force until further order of this Court in order to give the plaintiffs in this action an opportunity to proceed in the appellate courts of the State of California under the terms of the California statutes permitting extraordinary writ proceedings."

■ An interpretation of California law by a federal court need not be followed by a state court unless a conflict between federal and state law is at issue; yet such dicta is persuasive.

■ We find no California case construing the appealability of an interim order under precisely these circumstances, but there is an analogy in the rule that there can be but one final judgment in a cause as to any one party. (*Bank of America* v. *Superior Court,* 20 Cal.2d 697, 701 [128 P.2d 357].)

The rule that there must be a single judgment even though a complaint states several counts is also strikingly parallel. Three parcels of property are being separately condemned by the complaint and although each parcel or taking is not set forth as a separate count, each presents separate issues, so

that the allegations as to a single parcel are comparable to a separate count. As framed, the complaint fits the language of *Bank of America* v. *Superior Court, supra,* at page 701, that ''There cannot be a separate judgment as to one count in a complaint containing several counts. On the contrary, there can be but one judgment in an action no matter how many counts the complaint contains.'' (See also *de Vally* v. *Kendall de Vally etc. Co.,* 220 Cal. 742 [32 P.2d 638]; *Murphy* v. *Fong Shuck,* 151 Cal.App.2d 64 [311 P.2d 80].) The rule appears to be no different even where multiple causes of action are based on different substantive rights. (*Western Electroplating Co.* v. *Henness,* 172 Cal.App.2d 278, 283 [341 P.2d 718].)

 On the other hand, we agree with plaintiff that the constitutionality of Streets and Highways Code section 104.1 should be resolved at the appellate level before the case proceeds to trial as to the damage issues. Conceding that the order is interlocutory, it is nonetheless pivotal and the course of the trial from here on out will vary greatly depending upon whether plaintiff has the right to condemn Parcel 9, or whether defendants have the right to retain Parcel 9 and demand severance damages. Thus, to preclude a needless retrial of the damage phase of the case should the trial court be wrong as to section 104.1, the constitutional question should be disposed of now.

We believe that the ruling of the trial court can be tested by an appropriate writ pursuant to Code of Civil Procedure section 1102 et seq., as suggested by the court in *Sherwood* v. *Bradford, supra.* However, we cannot construe this appeal to be a petition for a writ of prohibition or for a writ of mandate, as plaintiff requests. As to either writ, the trial court is a necessary party; the writ must be directed to that court. Since the Merced County Superior Court is not a party to this action, we are without jurisdiction to treat the appeal as a petition for a writ directed to that court.

The appeal is dismissed.

Conley, P. J., and McMurray, J. pro. tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.