[Civ. No. 17958. Fourth Dist., Div. Two. May 24, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
TONY CIMARUSTI et al., Defendants and Respondents.

COUNSEL

Evelle J. Younger, Attorney General, E. Clement Shute, Jr., Assistant Attorney General, Herschel T. Elkins and Michael R. Botwin, Deputy Attorneys General, for Plaintiff and Appellant.

Charles J. Crozier for Defendants and Respondents.

## OPINION

**MORRIS, J.**—Plaintiff has filed this appeal from two orders issued by the trial court in a consumer protection action. The first of these orders is a minute order dated March 7, 1977, ordering plaintiff to modify a stipulation for judgment agreed to by plaintiff and defendants Tony Cimarusti and Ralph Cimarusti. The second order, filed April 28, 1977, denied with prejudice plaintiff's motion to specially set the case for trial.

### The Facts

On August 5, 1975, the People of the State of California filed a consumer protection action against Tony Cimarusti and Ralph Cimarusti, copartners dba Manar Furniture, and Sam Cohen. The complaint alleged violations of Business and Professions Code section 17500 (deceptive

statements), Business and Professions Code section 17507 (failing conspicuously to identify merchandise), and Civil Code section 3369 (unfair competition) in connection with a "going out of business" sale being conducted by defendants. The plaintiff sought injunctive relief, civil penalties, and costs.

The trial, originally set for November 9, 1976, was continued, on motion of Cohen's attorney, to February 16, 1977. Prior to November 9, 1976, plaintiff and defendants Ralph Cimarusti and Tony Cimarusti agreed to the provisions of a stipulation for judgment. Pursuant to the request of the Cimarustis, the stipulation for judgment was not executed until the morning of the continued trial date. On February 16, 1977, prior to the taking of any evidence and without trial or adjudication of any fact or law, the stipulation for entry of final judgment was signed by plaintiff's counsel, by the defendants personally, and by their counsel.

The case then proceeded to trial as to the defendant Cohen only. On March 7, 1977, following the trial, the trial court issued a minute order wherein the court found that "[a]s to the defendant Samuel Cohen . . . the advertisements run by the defendants in the Los Angeles Times and the Santa Ana Register were misleading and deceptive," granted injunctive relief, and imposed a civil penalty of $2,500 against defendant Sam Cohen. The minute order continued as follows: "The Court finds the stipulation for judgment entered into by the defendants Tony Cimarusti and Ralph Cimarusti provides for a penalty in excess of the severity of the offense committed by said defendants, and the Court orders the Attorney General to modify said stipulations and judgments to provide for a fine in the sum of $1,000.00 each and eliminate the provision for attorney's fees and costs, other than those actually incurred as legal costs."

At a meeting on March 16, 1977, in the court's chambers, the trial judge renewed his refusal to sign the proposed stipulated final judgment, stating his reasons, which may be summarized as follows: that he did not believe that the case amounted to much, that he thought the $2,500 assessed against Cohen was huge for the kind of activity conducted, and that he reduced the amount as to the Cimarustis because he thought they "were just passive businessmen that hired Sam Cohen to do what he could to get rid of some merchandise for them and Sam followed his own business practice and operated that way."

The attorney for defendants refrained from participating in any manner in the dialogue between plaintiff's counsel and the court at the March 16, 1977, meeting.

Thereafter, plaintiff, refusing to prepare a different stipulation for judgment, moved to have the matter set for trial as to the brothers Cimarusti. On April 28, 1977, plaintiff's motion was denied with prejudice.

No judgment was ever signed by the court pursuant to the stipulation for judgment of February 16, 1977, and no other stipulation was ever agreed upon by the parties.

*Discussion*

## I. *Appealability of the Judgment*

We are immediately confronted with the threshold question of the appealability of the orders appealed from. ■ The right of appeal is wholly statutory. No judgment or order is appealable unless it comes within one of the classes enumerated in the statutes. (See Code Civ. Proc., § 904.1; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 30, p. 4045.) ■■ Neither of the orders entered herein is within any of the classes enumerated. However, plaintiff contends that the March 7 and April 28 orders are tantamount to a dismissal of plaintiff's case or an injunction prohibiting plaintiff from prosecuting its case, since they prevent plaintiff from obtaining a judgment by either stipulation or trial. An order of dismissal is a final judgment and is appealable, and an order granting or refusing an injunction is appealable. (Code Civ. Proc., § 904.1, subds. (a) and (f).)

We do not agree with plaintiff's interpretation of the orders. The orders prevent plaintiff from obtaining a judgment only if plaintiff refuses to obey the order of March 7 directing plaintiff's attorney to modify the stipulation for judgment pursuant to the court's order. Because the March 7 minute order directed that a written judgment be prepared, the minute order is not appealable. California Rules of Court, rule 2(b)(2) provides: "The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which case *the date of entry shall be the date of filing of the signed order.*" (Italics added.)

The effect plaintiff complains of, to wit, plaintiff's inability to obtain a judgment, results from plaintiff's refusal to comply with the March 7 order. We agree with plaintiff that, given that refusal, the plaintiff is left in a state of limbo where it cannot obtain a judgment either by trial or stipulation. Therefore, the crucial issue that plaintiff seeks to have resolved and is entitled to have resolved is the validity of the order of March 7, 1977. If that order was in excess of the court's jurisdiction, then plaintiff was entitled, upon the court's refusal to sign the judgment as stipulated, to have the matter set for trial as to the Cimarustis. Furthermore, if plaintiff was thus entitled to have the matter set for trial, then the order of April 28, 1977, which denied with prejudice plaintiff's motion to set, was an act in excess of the court's jurisdiction.

■ These orders can be tested by a writ pursuant to Code of Civil Procedure section 1068, which provides as follows: "A writ of review may be granted by any court, except a municipal or justice court, when an inferior tribunal ... exercising judicial functions, has exceeded the jurisdiction of such tribunal ... and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy."

The writ of review or certiorari[1] may issue even though the judicial tribunal has jurisdiction of the subject matter and person, if it is contended that the tribunal acted in excess of its jurisdiction. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 28, p. 3802.) In *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, at page 291 [109 P.2d 942, 132 A.L.R. 715], the California Supreme Court stated: "Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of *stare decisis,* are *in excess of jurisdiction,* in so far as that term is used to indicate that those acts may be restrained by prohibition or annulled on *certiorari."* (Italics added.)

Plaintiff contends that the trial court exceeded its jurisdiction in ordering the Attorney General to modify a stipulation agreed upon by the parties, and in refusing with prejudice plaintiff's motion to set the case for trial. There is no appeal provided from either order. Since plaintiff seeks to have these orders annulled, certiorari is the appropriate remedy. (See *Fountain Water Co.* v. *Superior Court* (1903) 139 Cal. 648 [73 P. 590].)

---

[1]The writ of certiorari may be denominated the writ of review. (Code Civ. Proc., § 1067.)

■ Recognizing that the orders are of doubtful appealability, plaintiff has asked that this court treat this appeal as a petition for writ of mandate.

Although we have concluded that certiorari rather than mandate is the appropriate method of review in this case, we have concluded that the authorities cited by plaintiff in support of its request are equally persuasive in support of treating the appeal as a petition for a writ of review. In *Branham* v. *State Farm Mut. Auto. Ins. Co.* (1975) 48 Cal.App.3d 27 [121 Cal.Rptr. 304], the defendant attempted to appeal from an order directing the parties to arbitrate. The order to arbitrate being interlocutory and nonappealable the court could have dismissed the appeal. Instead, the court elected to treat the appeal as a petition for writ of mandate and disposed of the case on its merits. (*Id.,* at pp. 32-33.) In *Clovis Ready Mix Co.* v. *Aetna Freight Lines* (1972) 25 Cal.App.3d 276 [101 Cal.Rptr. 820], the court, confronted with an attempted appeal from a nonappealable order, accepted the stipulation of counsel for the respective parties to treat the record as being a petition for a writ of mandate and disposed of the matter in what the court deemed "a practical manner and in the interests of justice." (*Id.,* at pp. 281-282.) So also, this court, in *U. S. Financial* v. *Sullivan* (1974) 37 Cal.App.3d 5 [112 Cal.Rptr. 18], accepted a stipulation of the parties to treat a premature appeal as a petition for writ of mandate and granted the writ commanding the superior court to vacate a judgment of dismissal as to some of the causes of action in a complaint that had included numerous causes of action. (*Id.,* at pp. 11-12.)

The question arises whether the absence of the superior court as a party to the proceeding, as it normally would be in a petition for a writ, precludes treating this appeal as a petition for a writ of certiorari. While the latter two cases discussed above may be distinguished from the instant matter in that the parties had stipulated that the appeals be considered as petitions for a writ of mandate, this difference is immaterial. Jurisdiction may not be conferred by stipulation of the parties. Therefore, we must conclude that the courts in these cases did not consider the absence of the superior court as a party to the proceeding to be a jurisdictional defect. (See also *Steccone* v. *Morse-Starrett Products Co.* (9th Cir. 1951) 191 F.2d 197, 200, and *Shapiro* v. *Bonanza Hotel Co.* (9th Cir. 1950) 185 F.2d 777, 779, both holding that "the matter being only one of form," an appeal can properly be treated as a petition for a writ of mandate; contra, *People ex rel. Dept. Pub. Wks.* v. *Rodoni* (1966) 243 Cal.App.2d 771, 775 [52 Cal.Rptr. 857].)

We conclude that this failure to join the superior court as a party defendant does not deprive this court of jurisdiction to treat this appeal as a petition for a writ of certiorari. "The proceeding in *certiorari* is simply an additional method of reviewing the action of an inferior tribunal exercising judicial functions, being similar in its nature to an appeal, and the tribunal whose act is assailed thereby has no interest in the matter in which it has simply acted in a judicial capacity [citation] to any greater extent or in any different degree than such interest as it may have when an ordinary appeal is taken from its order or judgment." (*Matter of De Lucca* (1905) 146 Cal. 110, 113 [79 P. 853]; see also *U. S. Financial* v. *Sullivan, supra,* 37 Cal.App.3d 5, 12, fn. 6.)

## II. *The Trial Court Acted in Excess of its Jurisdiction*

### A. The March 7 minute order.

The March 7, 1977, order stated the court's reasons for refusing to sign the stipulated judgment and ordered the Attorney General to modify the stipulations and judgments to provide for lesser penalties and to eliminate costs.

■ The exercise of discretion is not reviewable on certiorari. (*Estate of Kay* (1947) 30 Cal.2d 215, 218-220 [181 P.2d 1]; *Howard* v. *Superior Court* (1944) 25 Cal.2d 784, 788-789 [154 P.2d 849].) We do not, therefore, consider plaintiff's contention that the trial court abused its discretion in refusing to sign the stipulated judgment. We have concluded that in ordering the Attorney General to modify the stipulation the trial court acted in excess of its jurisdiction.

■ A court has no power to compel a litigant to settle a case. (*Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 505-506 [120 Cal.Rptr. 176].) In support of the order respondent argues (1) jurisdiction was conferred by paragraph 7 of the stipulated judgment, (2) the statute under which the action was prosecuted gives the court jurisdiction to determine the amount of civil penalties, and (3) the court has inherent power to modify the stipulated judgment in the interest of justice.

1. Paragraph 7 of the proposed stipulated judgment provided as follows: "Jurisdiction is retained for the purpose of enabling any party to this judgment to apply to the court at any time for such further orders or directions as may be deemed necessary or appropriate for the carrying out of this judgment, for the modification or termination of any of the

provisions herein, for the enforcement of compliance herewith and for the punishment of violations hereof."

Whatever this paragraph was intended to accomplish, it never became operative because the judgment was never signed. The stipulation signed by the parties simply agreed "that the Final Judgment Pursuant to Stipulation, a copy of which is attached hereto . . . may be signed and entered by this court." The stipulation conferred no authority upon the court to modify the judgment prior to entry thereof.

2. To support its argument that the court was given statutory jurisdiction, respondent cites Business and Professions Code section 17536 and Civil Code section 3370.1.[2] The sections provide in almost identical language that any person who violates any provision of the respective chapters shall be liable for a civil penalty not to exceed $2,500 for each violation, which shall be assessed in a civil action brought by the People of the State of California in any court of competent jurisdiction. Respondent has lost us here. The fact that a court has subject matter jurisdiction and has even acquired jurisdiction of the parties does not authorize the court to establish penalties without benefit of a trial or stipulation. Here the court in the exercise of its discretion refused to accept the stipulation, and no trial was thereafter permitted with respect to these defendants.

Furthermore, with respect to the enforcement of the statutes here involved, the Attorney General has been specifically authorized to prosecute the actions in the name of the People. (Bus. & Prof. Code, §§ 17535, 17536; Civ. Code, § 3369, subd. 5.) It is well established that where a prosecutor is vested with discretionary power in the investigation and prosecution of charges a court cannot control this discretionary power even by mandamus. (*Boyne* v. *Ryan* (1893) 100 Cal. 265, 267 [34 P. 707]; *Ascherman* v. *Bales* (1969) 273 Cal.App.2d 707, 708 [78 Cal.Rptr. 445]; *Taliaferro* v. *Locke* (1960) 182 Cal.App.2d 752, 755-757 [6 Cal.Rptr. 813].)

3. Respondent's contention that the court has inherent power to modify the stipulation for judgment is also without merit. It is the function of judicial power generally to adjudicate the legal rights of persons or property and to determine controversies between parties. (See *People* v. *Bird* (1931) 212 Cal. 632, 640-641 [300 P. 23], and cases there cited.) The court has no power to determine controversies in a vacuum. In

[2]Civil Code section 3370.1 has recently been repealed. (Stats. 1977, ch. 299 § 3, p. —.) Now see Business and Professions Code section 17206 (added by Stats. 1977, ch. 299, § 1, p. —).

the absence of an agreement of the parties submitting an issue for the court's determination, the court has no power to decide issues joined by the pleadings without a hearing.

Respondent's reliance on cases upholding the court's power to construe a stipulation of the parties, to relieve a party from a stipulation, to control court proceedings, and to modify its own judgments is misplaced. In the instant case the proper interpretation of the stipulated judgment is not in issue until the same is entered. Similarly, the inherent power of the court to modify certain of its judgments cannot be invoked until the judgment has been entered.

■  Moreover, the attempt by the court to interfere with the prosecutorial function of the Attorney General raises serious questions concerning the separation of powers under article III, section 3, of the California Constitution. Although the prosecution in this case is civil in nature, resulting in the imposition of civil penalties rather than criminal sanctions, the situation is analogous to a criminal proceeding with respect to the division of power between the executive and judicial branches of the government. Clearly the charging function of the criminal process is within the exclusive control of the executive. (See *People* v. *Sidener* (1962) 58 Cal.2d 645, 650 [25 Cal.Rptr. 697, 375 P.2d 641], overruled on other grounds in *People* v. *Tenorio* (1970) 3 Cal.3d 89, 91 [89 Cal.Rptr. 249, 473 P.2d 993]; *People* v. *Municipal Court* (1972) 27 Cal.App.3d 193 [103 Cal.Rptr. 645, 66 A.L.R.3d 717].) "It is equally the function of the executive to engage in any negotiation with the defense by which a lenient disposition of the charge made is secured without trial. (*People* v. *Orin* (1975) 13 Cal.3d 937, 942 . . .) '[T]he court has no authority to substitute itself as the representative of the People in the negotiation process and under the guise of "plea bargaining" to "agree" to a disposition of the case over prosecutorial objection.' (*People* v. *Orin, supra,* at p. 943 [120 Cal.Rptr. 65, 533 P.2d 193].)" (*People* v. *Superior Court (Felmann)* (1976) 59 Cal.App.3d 270, 276 [130 Cal.Rptr. 548].)

That is precisely what the trial court has done in this case. Here the Legislature defined certain deceptive practices, prescribed the range of penalties, and placed the enforcement responsibility within the executive branch. The court substituted itself into the negotiation process by attempting to prescribe the penalties without a trial.

There is no issue presented of any legal impediment to the prosecution of this action or even of any insufficiency of the evidence that would

support a dismissal. There was simply no evidence before the court on the causes of action against these defendants. We conclude that the court exceeded its jurisdiction when it ordered the Attorney General to stipulate to penalties set by the court without a hearing.

B. The April 28 order.

The April 28, 1977, order denied the plaintiff's motion to specially set the case for trial, with prejudice, on the grounds (1) that paragraph 7 of the judgment pursuant to stipulation entered into by the defendants provides that the trial court retains jurisdiction for modification of any of the provisions therein, and (2) that plaintiff's remedies are to attack the trial court's modification order by motion for new trial or to appeal that order.

This order, made by a different judge, appears to have been made on the erroneous assumption that the judgment had been entered pursuant to the stipulation for judgment. It was not. Therefore, there was no authority to modify under paragraph 7, there was no modification of a judgment upon which a motion for new trial could be operative, and there was no appealable order.

■ Although the court could properly deny a motion for a special setting on a particular date, the court may not in the absence of grounds for dismissal, refuse to set a matter for trial entirely. To do so has the effect of permanently enjoining the prosecution of the action by the authority charged with the power to enforce the statute. For the reasons heretofore stated, this action was also in excess of the court's jurisdiction.

The portion of the order of the court of March 7, 1977, directing the Attorney General to modify the stipulations and judgments to provide for the reduced penalties and to eliminate attorney's fees and costs is ordered annulled.

The order of the court of April 28, 1977, denying with prejudice plaintiff's motion to set the matter for trial is annulled. The matter is remanded with directions that the case be returned to the trial calendar.

Kaufman, Acting P. J., and McDaniel, J., concurred.

A petition for a rehearing was denied on June 15, 1978, and the opinion was modified to read as printed above. Respondents' petition for a hearing by the Supreme Court was denied July 19, 1978.