[No. A039883. First Dist., Div. Three. July 11, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
OSCAR PAYNE, Defendant and Appellant.

934

### COUNSEL

Marvin Kayne, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and Sharon G. Birenbaum, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**WHITE, P. J.**—This is the second appeal arising out of appellant Oscar Payne's 1984 conviction of first degree burglary. In appellant's first appeal, this court reversed the judgment and remanded pursuant to *People* v. *Collins* (1986) 42 Cal.3d 378 [228 Cal.Rptr. 899, 722 P.2d 173] for the limited purpose of reconsideration of appellant's motion to exclude impeachment use of several prior convictions. After a hearing, the court ordered judgment reinstated; appellant purports to appeal from that judgment. As we will discuss, the judgment is not appealable. Nevertheless, in the interest of judicial economy, we treat the appeal as a petition for writ of mandate, consider the merits of appellant's contentions, and affirm.

### Introduction

Appellant was tried after article I, section 28, subdivision (f) was added to the California Constitution, but before the Supreme Court decided *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111], which clarified the effect of the constitutional change on the admission of priors

for impeachment.[1] Among the issues in appellant's initial appeal was whether the trial court had exercised its discretion when it ruled that his three robbery priors were admissible for impeachment. In an opinion filed not for publication, this court concluded from an ambiguous record that the trial court had not exercised discretion as required by *Castro*. We then followed the procedure specified in *People* v. *Collins, supra,* 42 Cal.3d at pages 389-395 for applying *Castro* to pending cases. First, this court determined that all of the priors were admissible or excludable in the trial court's discretion. Because appellant did not testify, we then reversed and remanded, to allow the trial court to exercise its discretion.[2]

■ *Collins* directs that on remand defendant must make an offer of proof as to what he would have testified; the trial court then rules on whether it would have excluded any of the priors. "If the court finds that it would have admitted all such convictions—and there are no convictions inadmissible as a matter of law—it should rule the error [in failing to exercise its discretion on the priors] harmless and reinstate the judgment." The court also unequivocally stated, *"No appeal will lie from the judgment in that event."* (*Collins, supra,* 42 Cal.3d at p. 394, & fn. 21, italics added.) The reinstated judgment is nonappealable because ". . . the appellate court will already have decided that the trial court could either admit or exclude such prior convictions without abuse of discretion." (*Id.* at p. 392, fn. 16.)[3]

On remand in this case, after appellant's in camera offer of proof, the trial court ruled that it would not have excluded any of the priors and reinstated the judgment.

### Appealability of the Reinstated Judgment

■ Appellant acknowledges that the language of *Collins* seems to preclude this appeal. He argues, however, that the judgment should be appealable because the trial court did not exercise its discretion on remand; he reasons that the nonappealability rule presumes an exercise of discretion which did not occur here.

---

[1] Article I, section 28, subdivision (f) was adopted as part of Proposition 8 on the June 1982 Primary Election ballot.

[2] *People* v. *Payne,* A030418, filed April 29, 1987 [nonpub. opn.].

[3] On the other hand, if the trial court concludes that it would have excluded one or more of the priors, it should apply the *Watson* test (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]) and determine whether it is reasonably probable that its error in ruling the priors admissible affected the result. If the court finds no prejudice, it must reinstate the judgment, subject to an appeal by defendant; if the court finds prejudice, it orders a new trial, subject to an appeal by the People. Either appeal is limited to the issue of prejudice. (*Collins, supra,* 42 Cal.3d at pp. 394-395, & fn. 22.)

This court is obligated to follow the Supreme Court's unambiguous pronouncement that no appeal will lie from the reinstated judgment when the trial court determines that it would not have excluded any of the priors. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) However, a defendant is not without remedy if a trial court fails to exercise discretion in making that determination, as a petition for writ of mandate will lie to compel the trial court's exercise of discretion in the first instance, where there is no other available adequate remedy. (See *Payne* v. *Superior Court* (1976) 17 Cal.3d 908, 925-926 [132 Cal.Rptr. 405, 553 P.2d 565].) Thus appellant's claim that the trial court failed to exercise discretion as required by *Collins* should have been raised in a petition for writ of mandate, not on appeal from the reinstated judgment.

Although we could dismiss the appeal, in the interest of justice and to prevent unnecessary delay we have decided to treat the appeal as an application for writ of mandate and dispose of it on its merits. (See *IFS Industries, Inc.* v. *Stephens* (1984) 159 Cal.App.3d 740, 756-757 [205 Cal.Rptr. 915] [appeal from nonappealable order treated as application for writ of mandate]; *People* v. *Cimarusti* (1978) 81 Cal.App.3d 314, 318-321[146 Cal.Rptr. 421] [appeal from orders of "doubtful appealability" treated as petition for writ of certiorari].)

### *Does the Record Demonstrate the Exercise of Discretion?*

Appellant contends that the record does not show that the trial court weighed the probative value of his prior convictions against their prejudicial effect when it ruled that it would not have excluded any of those convictions.

First, appellant argues that there is a presumption that the trial court failed to exercise its discretion in denying a motion to exclude priors unless the record clearly states otherwise. That presumption, which is articulated in *Collins, supra,* 42 Cal.3d at page 389, footnote 9, is inapplicable here. The *Collins* court reasoned that in cases where the trial court denied a motion to exclude priors after the effective date of Proposition 8 but before *Castro,* a reviewing court could "fairly presume" that the trial court deemed itself bound by the " 'impeachment without limitation' " language of that proposition absent a clear statement on the record to the contrary. At issue in this case, however, is what occurred after remand by this court in light of *Castro* and *Collins*. Under these circumstances, it borders on the frivolous to argue that the trial court on remand was unaware of the scope of its discretion.

Appellant also contends that the court failed to state explicitly on the record that it balanced the probative value of the priors against their preju-

dicial effect. He correctly states that on a motion invoking Evidence Code section 352, the record must affirmatively show that the trial court did weigh prejudice against probative value. This showing is required for two reasons: to furnish appellate courts with the record necessary for meaningful review of any later claim of abuse of discretion, and to ensure that the ruling is the result of careful reflection by the trial court. (*People* v. *Montiel* (1985) 39 Cal.3d 910, 924 [218 Cal.Rptr. 572, 705 P.2d 1248].)

 Before appellant made his offer of proof in the instant case, the trial court commented that the reason for the remand was this court's conclusion that the trial court had not on the record weighed the probative value of the priors against their prejudicial effect. Clearly then, on remand the trial court was aware of its duty. After appellant testified, the court stated, "[Let] The record further show that I have reviewed his statement. I have review[ed] the record in this proceeding over a period of time since the Court of Appeal decision came down and based on that record and the law I will again exercise my discretion and I will make a finding that I would have allowed those priors heretofore admitted in this proceeding and that I would not have excluded any of them had they been involved." Given the court's introductory remarks about the purpose of the remand, its reference to the exercise of its discretion at the conclusion of the hearing necessarily means that it engaged in the required weighing process. This record adequately demonstrates that the court's ruling was the result of the exercise of discretion. Whether that ruling was an abuse of discretion is not now at issue, as we concluded in appellant's first appeal that all the priors were admissible.

Appellant also contends that the trial court could not have properly exercised its discretion on remand because the original trial record is ambiguous about whether three or four priors were to be admitted. The argument is unpersuasive. In appellant's first appeal, this court held that appellant's *three* robbery priors were admissible and remanded for compliance with the *Collins* procedures. Where a reviewing court remands a matter to the trial court with directions, the trial court must carry out those instructions. (*Coffee-Rich, Inc.* v. *Fielder* (1975) 48 Cal.App.3d 990, 998 [122 Cal.Rptr. 302].) Thus on remand the trial court's obligation was to consider whether it would have admitted or excluded any or all of those three priors, regardless of whether appellant in fact had four, and the record indicates that the court did understand that obligation.

Finally, we recognize that the record does suggest that the trial court misunderstood at least part of its task in a *Collins* remand. As discussed, *Collins* directs that if the trial court would have excluded one or more of the priors, that court must evaluate prejudice under the *Watson* test, to

determine if its error in ruling the priors admissible affected the result. (*Collins, supra,* 42 Cal.3d at pp. 394-395.) If the court would have admitted all the priors, it must hold its error in failing to exercise its discretion in the first place harmless. No assessment of prejudice is required because the defendant has not been prejudiced. (See *id.,* at p. 394 & fn. 21.) In this case, because the trial court decided it would have admitted all the priors, no analysis of prejudice was necessary. Nevertheless, the court talked about finding "no legal prejudice" and finding its error harmless as if the two alternatives were the same, and mistakenly told appellant that he could appeal on the question of prejudice. But despite that confusion, it appears that the court both understood and complied with its obligation under *Collins* to exercise discretion. (*People* v. *Gonter* (1981) 125 Cal.App.3d 333, 340 [178 Cal.Rptr. 66]; *Branham* v. *State Farm Mut. Auto. Ins. Co.* (1975) 48 Cal.App.3d 27, 33 [121 Cal.Rptr. 304].)

The judgment is affirmed.

Barry-Deal, J., and Merrill, J., concurred.