Filed 2/19/26  Suniga v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ALFRED SUNIGA III,<br><br>  Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF TULARE COUNTY,<br><br>  Respondent;<br><br>THE PEOPLE,<br><br>  Real Party in Interest. | F088483<br><br>(Super. Ct. No. VCF152015)<br><br>**OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of mandate.

Scott Concklin, under appointment by the Court of Appeal, Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P. J., Meehan, J. and Snauffer, J.

## INTRODUCTION

In 2007, appellant Alfred Suniga III was convicted of two counts of first degree murder, finding true the multiple-murder special circumstances and that he personally used and intentionally discharged a firearm, causing death. Suniga was sentenced to two consecutive terms of life in prison without the possibility of parole plus 25 years to life.

On June 26, 2024, Suniga filed a postconviction discovery motion pursuant to Penal Code[1] section 1054.9 requesting discovery materials from the prosecution. The trial court denied Suniga's motion. He filed a notice of appeal.

On appeal, Suniga claims the court abused its discretion in denying his discovery request. To the extent the court's denial is not an appealable order, Suniga requests this appeal be treated as a petition for writ of mandate. The People contend Suniga's claim is procedurally barred because it was not raised in a petition for writ of mandate, but also argue his claim is without merit.

We agree that Suniga's challenge to the trial court's denial of his motion for discovery under section 1054.9 should have been raised in a petition for writ of mandate, rather than appeal. In the interest of judicial economy, we exercise our discretion to deem Suniga's appeal a petition for writ of mandate and deny the petition for failing to demonstrate the trial court abused its discretion.

## BACKGROUND[2]

On March 14, 2007, a jury convicted Suniga of two counts of first degree murder (§ 187) and found true the multiple-murder special circumstances (§ 190.2, subd. (a)(3)), personal use of a firearm enhancements on both counts (§ 12022.5, subd. (a)(1)) and intentional discharge of a firearm causing death enhancements on both counts (§ 12022.53, subd. (d)). Suniga was sentenced to 50 years to life for the two section

---

[1] All undesignated statutory references are to the Penal Code.

[2] The facts underlying Suniga's conviction are not relevant to the issues raised in this appeal and therefore, intentionally omitted.

12022.53, subdivision (d) discharge of a firearm enhancements, plus two terms of life without the possibility of parole for the murder convictions.[3] On July 6, 2010, the trial court struck one of the firearm enhancements and resentenced Suniga to 25 years to life, plus two terms of life without the possibility of parole.

On June 26, 2024, Suniga filed a postjudgment discovery motion pursuant to section 1054.9. Suniga alleged he was denied evidence favorable to the defense by the prosecutor. In his motion, Suniga sought (A) a copy of all discovery materials produced by the prosecution at trial; (B) a copy of all discovery not used by the prosecution at trial; (C) a copy of all communication of parties attached to his case, including emails, text messages, memorandums, letters, and phone call logs; (D) Bates Nos. 1-3, 7, 121-134, 156-157, 355-393, 409-410, 414-415, 417-418, 455-462; (E) compact disc Nos. 1-3, 7, 10, 16, 20-21, 24-25, 28, 30-31; (F) defense discovery request dated February 22, 2007, and any other correspondence; and (G) pages 1 and 3 of the District Attorney's discovery response letter dated February 4, 2007. Suniga includes a letter dated July 7, 2009, from his appellate counsel to trial counsel seeking additional discovery items that appeared missing from the copies of Suniga's case file.

On July 12, 2024, the trial court denied Suniga's motion for discovery "based on defendant's failure to show he is entitled to … obtain the discovery materials and failure to show sufficient good cause for the request."

Suniga filed a timely notice of appeal on August 12, 2024.

## DISCUSSION

Suniga contends the trial court abused its discretion when it summarily denied his postconviction motion for discovery under section 1054.9, subdivision (a). Suniga argues he was entitled to bring the motion and established "unsuccessful good faith efforts to

---

[3] Sentence was not imposed on the two personal use of a firearm enhancements under section 12022.5, subdivision (a)(1)).

obtain the discovery materials." To the extent that the court's denial is not an appealable order, Suniga asks that his appeal be treated as a petition for writ of mandate. The People state that Suniga's claim is procedurally barred because it was not raised in a petition for writ of mandate but would not oppose this court's decision to treat the appeal as a petition for writ of mandate. The People argue Suniga's claim is without merit because he failed to show he ever requested the discovery items from his counsel first and was unsuccessful in obtaining them.

## A. Applicable Law and Standard of Review

Effective January 1, 2026, section 1054.9 allows defendants who have ever been convicted of a felony resulting in incarceration, who are preparing to file a petition for writ of habeas corpus, to request the production of postconviction discovery in the possession of the prosecution and law enforcement. (§ 1054.9, subds. (a), (c); see *Davis v. Superior Court* (2016) 1 Cal.App.5th 881, 885.) A defendant must show he made good faith but unsuccessful efforts to obtain discovery materials from trial counsel first before the court may order the defendant be provided reasonable access to discovery materials. (§ 1054.9, subd. (a); see *Satele v. Superior Court* (2019) 7 Cal.5th 852, 858 (*Satele*); *In re Steele* (2004) 32 Cal.4th 682, 697 (*Steele*); *Catlin v. Superior Court* (2011) 51 Cal.4th 300, 305.)

The discovery contemplated under section 1054.9 applies to those materials in the "possession of the prosecution and law enforcement authorities that the same defendant would have been entitled at time of trial" or that "tend to negate guilt, mitigate the offense, mitigate the sentence, or otherwise are favorable or exculpatory." (§ 1054.9, subd. (c)(1); *Satele*, *supra*, 7 Cal.5th at p. 858.) The defendant must show "either (1) the prosecution did provide at time of trial but have since become lost to the defendant; (2) the prosecution should have provided at time of trial because they came within the scope of a discovery order the trial court actually issued at that time, a statutory duty to provide discovery, or the constitutional duty to disclose exculpatory evidence; (3) the prosecution

4.

should have provided at time of trial because the defense specifically requested them at that time and was entitled to receive them; or (4) the prosecution had no obligation to provide at time of trial absent a specific defense request, but to which the defendant would have been entitled at time of trial had the defendant specifically requested them." (*Steele*, *supra*, 32 Cal.4th at p. 697.)

Defendants who seek postconviction discovery under section 1054.9 should first make the discovery motion in the trial court that rendered the judgment. (*Steele*, *supra*, 32 Cal.4th at p. 688.) "After the trial court has ruled, either party may challenge that ruling by a petition for writ of mandate" in the appellate court. (*Ibid*.)

An appellate court "generally review[s] a trial court's ruling on matters regarding discovery under an abuse of discretion standard." (*People v. Ayala* (2000) 23 Cal.4th 225, 299; *Kennedy v. Superior Court* (2006) 145 Cal.App.4th 359, 366 [applying abuse of discretion standard to trial court's denial of § 1054.9 discovery motion].) " ' "The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power." ' " (*Kennedy*, *supra*, at p. 366, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

**B. Analysis**

### *1. A party challenges the trial court's ruling on a section 1054.9 motion by filing a petition for writ of mandate.*

Our Supreme Court clarified that either party may challenge the trial court's ruling on a request for postconviction discovery under section 1054.9 by filing a petition for writ of mandate rather than an appeal. (*Steele*, *supra*, 32 Cal.4th at p. 688.) Suniga argues that the court's order denying his discovery motion is an appealable order under section 1237, subdivision (b), because it affects his substantial rights. We disagree.

In *People v. Serrano* (2024) 106 Cal.App.5th 276, the defendant similarly argued the court's order denying postconviction discovery under the Racial Justice Act was appealable under section 1237, subdivision (b), because it affected his substantial rights. (*Serrano*, *supra*, at p. 292, review granted Jan. 15, 2025, S288202.) *Serrano* looked to *Steele* for guidance and found no reason to differentiate between the two statutes seeking postconviction discovery. (*Serrano*, *supra*, at p. 292; *Steele*, *supra*, 32 Cal.4th at p. 688.) *Serrano* noted that a discovery request under section 1054.9 also concerned the prosecution of a habeas corpus matter, which is considered separate from the criminal case itself and not part of the underlying criminal case. (*Serrano, supra,* at p. 292.) Hence, denial of such a discovery motion is not an order "after judgment" in the criminal action, falling under section 1237, subdivision (b), but a nonappealable interlocutory order in a separate habeas proceeding. (See *Serrano, supra,* at p. 292.) Here as well, the trial court's order denying Suniga's section 1054.9 postconviction discovery motion is not an appealable order after judgment in the criminal action, falling under section 1237, subdivision (b), but a nonappealable interlocutory order related to preparation of a separate habeas proceeding.

When an appeal raises a claim that "should have been raised in a petition for writ of mandate," the court has discretion to deem the appeal an "application for writ of mandate and dispose of it on its merits." (*People v. Payne* (1988) 202 Cal.App.3d 933, 937 (*Payne*) [appeal from nonappealable order treated as application for writ of mandate]; see *People v. Picklesimer* (2010) 48 Cal.4th 330, 335 (*Picklesimer*) ["A court may in its discretion treat such a postjudgment motion as a mislabeled petition for writ of mandate"].) Here, Suniga's challenge to the trial court's denial of his section 1054.9 motion for discovery should have been challenged by petition for writ of mandate rather than by appeal. (See *Steele*, *supra*, 32 Cal.4th at p. 688.) However, both parties agree without objection that the court could treat Suniga's appeal as a petition for writ of mandate.

Therefore, rather than dismiss the appeal, in the interest of judicial economy, we exercise our discretion to treat Suniga's appeal as a petition for writ of mandate and address the claim on its merits. (See *Picklesimer, supra,* 48 Cal.4th at p. 335; *Payne*, *supra*, 202 Cal.App.3d at p. 937.)

**2. The trial court did not abuse its discretion in denying Suniga's section 1054.9 discovery motion.**

Suniga fails to allege or demonstrate he made a good faith effort to obtain the requested discovery items from his trial or appellate counsel before filing his motion for discovery as required under section 1054.9. (See § 1054.9, subd. (a); *Satele, supra,* 7 Cal.5th at p. 858.) Suniga includes a letter dated July 7, 2009, in which appellate counsel acknowledged receiving the case files from trial counsel but requested certain additional items of discovery that appeared missing. The letter demonstrates that both trial and appellate counsel possessed some discovery related to Suniga's case at that point. However, Suniga fails to explain what happened after appellate counsel sent the letter requesting the additional discovery. There is no explanation as to whether the additional discovery requested from trial counsel was ever obtained, or if it was determined whether the items even existed. Importantly, Suniga fails to describe any personal effort made by him to obtain discovery from either counsel before filing this motion. (See *Barnett v. Superior Court* (2010) 50 Cal.4th 890, 898 (*Barnett*).) Absent any such statement, Suniga fails to demonstrate he made a good faith but unsuccessful effort to obtain the requested discovery material from his counsel first. Therefore, on this basis alone, he fails to show the trial court abused its discretion denying his discovery motion.

Additionally, Suniga's discovery request fails to allege whether the items (1) were provided by the prosecution at the time of trial but had since been lost; (2) should have been provided by the prosecution at trial under a discovery order; (3) should have been provided by the prosecution because they were specifically requested by the defense; or (4) were not requested by the defense, but would have been entitled to had he requested

7.

them.  (See *Steele*, *supra*, 32 Cal.4th at p. 697.)  Instead, Suniga's generalized request for discovery fails to meet the requirements for demonstrating he is entitled to relief. Suniga's request for all discovery produced by the prosecution at trial does not allege that his discovery had since been lost by his counsel.  In Suniga's request for a copy of all discovery not used by the prosecution at trial, he fails to allege it should have been provided, was specifically requested, or that he would have otherwise been entitled to the items had he requested.  (See *ibid*.)  Therefore, he failed to make the requisite showing he was entitled to the discovery material from the prosecution.

We disagree with Suniga's argument that his appellate counsel's 2009 letter to trial counsel is proof of his present unsuccessful effort to obtain discovery.  He argues, "[t]he letter shows that a request was made for specific discovery" and the attorney speaks for the client, citing *Taylor v. Illinois* (1988) 484 U.S. 400, 418.  However, *Taylor* does not speak to this issue.  In *Taylor*, the defense failed to notify the prosecution of a testifying witness.  (*Id*. at p. 401.)  The court sanctioned the defendant by refusing to allow the witness to testify.  (*Ibid*.)  *Taylor* pointed to the willful and blatant trial discovery violations of defense counsel, which prejudiced the prosecution.  (*Id*. at p. 417.)  The defendant argued that he should not be held responsible for his lawyer's misconduct.  (*Id*. at pp. 417-418.)  However, the court affirmed the sanction, holding that in responding to discovery, the client had a duty to be candid and forthcoming with the lawyer, and the lawyer, when he responds, speaks for the client.  (*Ibid*.)  Since the issue here does not entail court sanctions regarding willful and blatant discovery violations, but a pro. per. postconviction discovery motion many years after trial, *Taylor* is inapposite. Suniga's appellate counsel's effort to obtain discovery from his trial counsel in 2009, does not absolve Suniga of his responsibility of making a good faith effort to obtain discovery from his counsel approximately 15 years later.  And Suniga does not claim to have personally made any effort to obtain such discovery from either his trial or appellate counsel before filing his section 1054.9 motion.

8.

Suniga also fails to show the court relied on an erroneous basis by concluding he failed to show sufficient good cause for the request. However, as explained above, Suniga failed to demonstrate that he made a good faith but unsuccessful effort to obtain the discovery from his counsel, and failed to make the required showing regarding the materials he sought to obtain from the prosecution. Therefore, Suniga fails to show the trial court abused its discretion in denying his postconviction discovery motion under section 1054.9.

## DISPOSITION

In the interest of judicial economy, we exercise our discretion and deem Suniga's appeal challenging the trial court's order denying his postconviction discovery motion under section 1054.9, as a petition for writ of mandate. (See *Picklesimer*, *supra*, 48 Cal.4th at p. 335.) The petition is denied for failing to establish the trial court abused its discretion in denying Suniga's postconviction discovery motion under section 1054.9.